Billy Joe HENSON, Appellant,

v.

Sgt. T.S. FALLS; CO–I S. Kelley; CO–I L. Pace; J. Brown, RN, Infirmary, Cummins Unit, Arkansas Department of Correction, Appellees.

No. 90–1016.

United States Court of Appeals, Eighth Circuit.

Submitted May 28, 1990.
Decided Aug. 29, 1990.

Billy Joe Henson, pro se.

Paul L. Cherry, Little Rock, Ark., for appellees.

Before MAGILL and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Billy Joe Henson appeals from the district court's order dismissing his 42 U.S.C. § 1983 action. We reverse and remand for a jury trial.

Henson, an inmate of the Arkansas Department of Correction (ADC), filed this section 1983 action against three prison officials and a private health care provider under contract with the ADC. In his complaint Henson asserted that on February 16, 1988, while he was in punitive isolation, he was told by CO–I Kelley that he had to eat food containing pork or not eat at all, despite his request for a porkfree meal for religious reasons. Henson asked to speak with the supervisor, Sergeant Falls. After Henson complained to Falls about the pork meal, Falls told Henson he did not like

Henson's attitude, and ordered Henson handcuffed and taken to a quiet cell. Henson refused to be handcuffed and asked to see a higher official. Henson asserted Falls, Kelley, and CO–I Pace then entered his cell and beat him with billy clubs on his back, buttocks, and head.

Henson alleged he was escorted to the infirmary where a nurse refused to give him treatment. He then was taken to a quiet cell and was beaten a second time by Falls. Henson claimed that while in the quiet cell he suffered further harassment by being given excess salt in his food. He suffered headaches and dizziness as a result of the beatings. He also stated the beatings were excessive because Falls held a canister of c/s gas which, if used, would have been sufficient to control him.

Henson sought compensatory and punitive damages. He asked for a jury trial and appointment of counsel. The magistrate denied his request for counsel. The district court ordered the case scheduled for an evidentiary hearing before a magistrate to determine whether Henson could "make a submissible case to the jury, i.e., whether his claim [could] survive a motion for a directed verdict." The magistrate conducted a hearing and permitted Henson to call two of the four witnesses he had requested.

In his report, the magistrate noted that credibility determinations should not be made, but stated he did not feel constrained to accept all of Henson's testimony "regardless of its inherent incredibility." The magistrate found that Henson had complained about receiving a pork tray and that an argument had developed between Henson and Falls. Falls concluded Henson should be transferred to a quiet cell and ordered Henson handcuffed, which Henson refused. Falls then acquired a safety shield and instructed other officers to accompany him into Henson's cell to forcibly handcuff him. The officers then subdued Henson and took him to a quiet cell.

With respect to the degree of force used, the magistrate noted the discrepancies between Henson's witnesses' testimony. One inmate testified Henson was beaten for thirty minutes and thrown to the floor; another inmate testified the officers were only in Henson's cell for fifteen to twenty seconds and did not throw Henson to the floor but pushed Henson up against the wall; Henson testified the beating lasted fifteen to twenty minutes and he received a small cut under his lip.

The magistrate concluded that there was no credible evidence from which a reasonable juror could accept Henson's version of the incident or could conclude the officers acted maliciously or sadistically, and that Henson did not demonstrate a serious medical need. The magistrate concluded that a verdict in Henson's favor would have to be set aside, and thus recommended dismissing the complaint.

Henson filed timely objections to the report. The district court stated it "reviewed the recommended disposition of this case submitted by the magistrate as well as the objections filed," and adopting the magistrate's findings, dismissed the complaint. In this timely appeal, Henson challenges the magistrate's credibility determinations.

Under 28 U.S.C. § 636(b)(1)(B), a district court judge may designate a magistrate to conduct an evidentiary hearing and submit proposed findings of fact and recommendations for the disposition of prisoner petitions challenging conditions of confinement. If a party files objections to such proposed findings and recommendations, the district court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Branch v. Martin, 886 F.2d 1043, 1045 (8th Cir.1989).

This court, in reviewing the propriety of granting a directed verdict, applies the same standard as the trial court. Rodgers v. Thomas, 879 F.2d 380, 382 (8th Cir.1989). As such, we must

(1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable

inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

*Dace v. ACF Indus., Inc.*, 722 F.2d 374, 375 (8th Cir.1983). "Unless the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion, the motion for directed verdict should be denied." *Williams–El v. Johnson*, 872 F.2d 224, 228 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 85, 107 L.Ed.2d 51 (1989) and —— U.S. ——, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989).

Here, Henson requested a jury trial. This court obtained and listened to the tape of the evidentiary hearing. We conclude the magistrate in fact made improper credibility determinations by resolving direct factual conflicts in favor of defendants without assuming as true all facts supporting Henson which the evidence tended to prove and without giving Henson the benefit of all reasonable inferences. The magistrate, by noting the discrepancies in the testimony and concluding Henson's case was inherently incredible, made explicit credibility judgments, and hence misapplied the standard for a directed verdict. The questions presented should have gone to a jury and been answered by the jury. Thus, we conclude Henson was denied his seventh amendment right to a jury.

This process, employed predominantly in the Eastern District of Arkansas, of referring prisoner conditions-of-confinement cases, where a jury is demanded, to a magistrate for determining whether the prisoner can survive a motion for directed verdict should be used cautiously. A case may be taken from the jury only in limited circumstances. *See Dace v. ACF Indus., Inc.*, 722 F.2d at 376–77. Even if there is very strong evidence to support a judgment against the prisoner, when questions of fact are involved, our longstanding commitment to preserving a litigant's right to a jury trial dictates that the decision be rendered based on a jury's consensus rather than on only one mind. *See id.*

We also note the district court did not indicate that it made a de novo determination, reviewed the transcript, or listened to the tape, but only that it reviewed the magistrate's recommended disposition and Henson's objections thereto. When de novo review is required, the district court must consider the actual testimony, not merely review the magistrate's recommended disposition. *Branch v. Martin*, 886 F.2d at 1046. We are confident that district courts are aware of their duty to conduct proper de novo review.

Accordingly, we reverse and remand for a jury trial.