978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Joseph POWELL, Appellant,
v.
A. L. LOCKHART, Director, Arkansas Department of Correction;
Marvin Evans, Jr., Warden; Nuby G. Courtney,
Assistant Warden; Robert Perry,
Building Major, Maximum
Security Unit, Appellees.
 No. 92-1921.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 7, 1992.
Filed: November 6, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph Powell, an Arkansas inmate, appeals the judgment of the district court[1] dismissing his 42 U.S.C. § 1983 complaint after an evidentiary hearing before the magistrate judge. We affirm.
 
 
 2
 In February 1991, Powell filed a pro se complaint with jury demand against A. L. Lockhart, director, Arkansas Department of Correction; Robert Perry, building major at the maximum security unit; and Marvin Evans and Nuby G. Courtney, respectively warden and assistant warden at the maximum security unit. He alleged that defendants, in particular Perry, discriminated against him, a black and a frequent litigant, by retaining him in punitive isolation during 1990-91 longer than whites or non-litigants who were released from punitive isolation and placed on punitive restriction.[2] Powell argued Lockhart failed to develop objective standards to determine where an inmate should serve the punitive sentence. He also alleged Evans and Courtney refused to take any actions although they were aware of the alleged discrimination. Powell sought declaratory and injunctive relief as well as damages.
 
 
 3
 In December 1991, after denying defendants' motion for summary judgment, the district court set the case for an evidentiary hearing before the magistrate judge to determine whether Powell could survive a motion for a directed verdict. In addition to the defendants, Powell requested eight witnesses. The magistrate judge allowed as witnesses only defendants Perry and Evans and inmate Henson, noting that the remaining witnesses could offer only cumulative testimony. On February 5, 1992, Powell moved to compel defendants to turn over documents he had requested on January 6, 1992. Neither the district court nor the magistrate judge ruled on this motion.
 
 
 4
 At the evidentiary hearing, Powell testified that Perry discriminated against him by leaving him in punitive isolation because he frequently filed lawsuits for himself and others. Powell admitted that going to work was a requirement for being on punitive restriction and that his disciplinary problems at the ADC were related to his refusal to work the majority of the time. Perry testified the lack of space in punitive isolation necessitated placing inmates with punitive sentences in general population, but with restrictions. He testified that he or his subordinates determined where the punitive sentence would be served and that objective standards would not be feasible. Perry also testified that, while the white inmates generally worked for several weeks or months, Powell would consistently refuse to work after a few days. Henson testified that the majority of inmates in punitive isolation and with longer sentences were black, and that the white inmates never served their punitive sentences in isolation, but constantly transferred between punitive restriction and isolation. He also testified that it was commonly known that ADC would retaliate against inmates, such as him, who were black and who filed a lot of lawsuits and grievances by retaining them in isolation.
 
 
 5
 The magistrate judge concluded that Powell had not offered any evidence in support of his discrimination and retaliation claims other than naming three white inmates who, unlike Powell, were at least willing to work weeks or months at a time before they would refuse to work. Powell objected, arguing that the magistrate judge erred in resolving disputed issues of fact and in excluding the testimony of three prisoners and the prison records. He argued that, because defendants' decision to place him in isolation or in punitive restriction affected the earning of good time credit he was entitled to some due process in the form of "concrete, written guidelines." The district court denied Powell's motion for a transcript, adopted the report, and dismissed the suit after reviewing the magistrate judge's report and Powell's timely objections.
 
 
 6
 In reviewing the grant of a directed verdict, we apply the same standard as the district court. Henson v. Falls, 912 F.2d 977, 978 (8th Cir. 1990). We must
 
 
 7
 "(1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn."
 
 
 8
 Id. at 978-79 (quoted case omitted). We cannot tell from the district court's order whether the court reviewed a tape recording of the evidentiary hearing. We obtained the transcript, however, and after careful review, we conclude the district court properly entered judgment for defendants.
 
 
 9
 Powell produced no evidence showing that defendants discriminated or retaliated against him in assigning him to punitive isolation as opposed to punitive restriction. Even taking the evidence in a light most favorable to Powell, punitive restriction was unsuitable for Powell because he continuously refused to work. Powell himself testified that although he would work at times, the majority of the time he refused to go to work. Perry also testified that on several occasions he would put Powell on punitive restriction, but that it was useless because Powell would be back in isolation for refusing to work the next day.
 
 
 10
 We reject Powell's arguments that the magistrate judge improperly denied his discovery requests, excluded valuable witnesses, and resolved disputed issues of fact. Powell's discovery request was clearly untimely. The testimony of the excluded witnesses would have been cumulative. We also conclude the magistrate judge did not resolve any disputed issues of fact. Powell never objected to Perry's testimony as to the white inmates' willingness to work. Moreover, Henson's testimony did not place in issue Perry's statement that the white inmates worked longer than Powell. Henson testified that they never served all of their time in isolation, but that they constantly transferred between punitive restriction and isolation, as much as three or four times a month.
 
 
 11
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the findings and recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 Inmates in punitive isolation transfer to the isolation wing of the prison. Inmates on punitive restriction instead remain in general population, but with restrictions