980 F.2d 734
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Harold HENDERSON, Appellant,
v.
Marvin EVANS, Warden; Robert Perry, Major; Brenda Furman,
Records Supervisor, Maximum Security Unit,
Arkansas Department of Correction, Appellees.
 No. 92-1118.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 10, 1992.
Filed: December 3, 1992.
 
 Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harold Henderson, an Arkansas inmate, appeals pro se from a final order entered by the United States District Court[1] for the Eastern District of Arkansas dismissing his 42 U.S.C. § 1983 action against several prison officials, following an evidentiary hearing. Henderson claimed his Eighth and Fourteenth Amendment rights were violated when he was not allowed to exercise while serving a punitive sentence in the general population with punitive restrictions. We affirm.
 
 
 2
 Henderson alleged that, after he was released from punitive isolation and placed in the general population with punitive restrictions, prison officials denied him exercise in violation of his Eighth and Fourteenth Amendment rights. He also claimed prison officials unlawfully turned a sentence of punitive restrictions imposed by a disciplinary chairman into a sentence in punitive isolation. Henderson requested a jury trial and sought compensatory and punitive damages.
 
 
 3
 After the prison officials denied the allegations in the complaint, the magistrate judge set the case for an evidentiary hearing to determine whether Henderson could make out a submissible case to the jury, i.e., whether his claim could survive a motion for a directed verdict.
 
 
 4
 At the evidentiary hearing, Henderson testified that "punitive restriction" was the same as punitive isolation, except that on punitive restriction inmates were required to perform their work assignments. He testified that while serving a punitive sentence in punitive isolation, inmates were entitled to three hours of exercise every fifteen days; inmates did not receive the same three hours of exercise while in the general population on punitive restrictions. Henderson asserted that the application of the punitive restriction regulations was unconstitutional. On cross-examination, Henderson did not believe that working on the hoe squad and walking to the chow hall three times a day constituted exercise.
 
 
 5
 Warden Marvin Evans testified that inmates who receive a punitive sentence by the disciplinary chairman after a hearing serve their time either in punitive isolation or in the general population under punitive restrictions. The chief of building services decides where inmates serve their sentences based on space considerations, the types of offenses committed, and their disciplinary records. Evans stated that inmates housed in the general population on punitive restrictions do not receive separate "out-of-cell" exercise time because they exercise when they perform their work assignments (in Henderson's case, while he is working on the hoe squad) and when they walk to the chow hall for meals every day.
 
 
 6
 In his findings and recommendations, the magistrate judge concluded that the policy of suspending recreational privileges for all punitive inmates was a legitimate form of punishment; that the fifteen-day waiting period before an inmate in punitive isolation could receive three hours per week of exercise was upheld by this circuit in Leonard v. Norris, 797 F.2d 683, 685 (8th Cir. 1986); that inmates housed in the general population with punitive restriction did not receive the same three-hour-per-week exercise period every fifteen days because their mental and physical need for out-of-cell time was met when they left their cells for three meals per day and went to work; that to allow an additional three-hours-per-week "exercise" period would amount to a "recreational" privilege, which inmates assigned to punitive status forfeited; and that it was not "base, inhumane and barbaric" for the prison to consider Henderson's work assignment to be a valid substitute for exercise. The magistrate judge, concluding there was no need to submit factual issues to a jury because the evidence proffered permitted only one reasonable conclusion as to a verdict, recommended dismissal of Henderson's complaint.
 
 
 7
 The district court adopted the magistrate judge's report over Henderson's objections, and entered judgment dismissing Henderson's complaint. On appeal, Henderson argues the district court erred in concluding that defendants could alter the sentence imposed by the hearing officer contrary to the administrative directives, inmate handbook and case law, which state that inmates on punitive status are entitled to three hours per week of exercise every fifteen days. Henderson argued that he was discriminated against by being denied a three-hour exercise period, which the prison officials choose to call "recreation."
 
 
 8
 A motion for a directed verdict should be denied unless the evidence is such that, without weighing the credibility of witnesses, there is only one reasonable conclusion. Henson v. Falls, 912 F.2d 977, 979 (8th Cir. 1990).
 
 
 9
 We have reviewed the applicable administrative regulations and conclude that denying "exercise" for inmates who otherwise are out of their cells for work and for meals does not constitute a "deprivation denying 'the minimal civilized measures of life's necessities' " sufficient to form the basis of an Eighth Amendment violation. Wilson v. Seiter, 111 S. Ct. 2321, 2324 (1991)) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The district court correctly concluded that Henderson's Eighth Amendment rights were not violated by the prison's policy equating an inmate's work assignment and out-of-cell opportunities with the three-hour-per-week exercise requirement for those inmates housed in punitive isolation.
 
 
 10
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas