982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jerry ELLIS, Appellant,
v.
Sgt. BASS, Tucker Maximum Security Unit, Arkansas Department
of Corrections, Appellees.
 No. 91-2423.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1992.
Filed: December 16, 1992.
 
 Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 
 PER CURIAM
 
 1
 Jerry Ellis, an Arkansas inmate, appeals the district court[1] judgment in favor of prison official T. A. Bass dismissing Ellis's 42 U.S.C. § 1983 action after an evidentiary hearing. We affirm.
 
 
 2
 Ellis's complaint alleged that in February 1990, while he was housed in administrative segregation, several inmates on his tier flooded their cells. Inmate Rayland Stevens, a porter on the floor, then filled two five-gallon buckets with bleach, cleanser, and water and threw the mixture on Ellis, leaving him unable to see for fifteen minutes. Ellis asserted that Sergeant Bass knew of Stevens's propensity to throw water on inmates and failed to supervise the area properly and protect Ellis from harm. Ellis sought declaratory and injunctive relief and damages. He requested a jury trial and appointment of counsel.
 
 
 3
 The magistrate judge denied Bass's motion for summary judgment and conducted an evidentiary hearing to determine whether Ellis could survive a motion for a directed verdict if the case went to trial. Ellis, Stevens, Bass, and inmate Eogie Sanders (whose cell was next to Ellis's), testified at this hearing. After expressly stating that he would give Ellis the benefit of all reasonable factual inferences and would not make any credibility determinations, the magistrate judge made the following findings: that Bass dispatched Stevens to clean the common floor area after inmates flooded their cells; that Stevens then took two buckets of water and cleaning solution or bleach to Ellis's cell area and threw both buckets on Ellis; that Bass did not accompany Stevens to the cell area but supervised Stevens from a utility closet; that Bass gave Stevens a direct order to stop after Stevens threw the first bucket on Ellis, but that Stevens ignored that order; and that Stevens was disciplined for his actions.
 
 
 4
 The magistrate judge concluded that Bass's conduct in not accompanying Stevens to the flooded cells did not reflect deliberate indifference to Ellis's right to be free from inmate assaults. The magistrate judge alternatively found that Ellis did not suffer injuries serious enough to establish an Eighth Amendment violation. Concluding that the evidence therefore permitted but one reasonable conclusion, the magistrate judge granted judgment to Bass.
 
 
 5
 On appeal, Ellis argues that the district court erred in granting judgment for Bass because the evidence was sufficient to warrant submitting the case to a jury.[2] We disagree.
 
 
 6
 To establish an Eighth Amendment violation, Ellis must show that Bass was deliberately indifferent to a "pervasive risk of harm to inmates from other prisoners." Martin v. White, 742 F.2d 469, 474 (8th Cir. 1984); Wilson v. Seiter, 111 S. Ct. 2321, 2326 (1991). See also Hudson v. McMillian, 112 S. Ct. 995, 999-1000 (1992). A careful review of the record convinces us that Ellis has failed to make this showing.
 
 
 7
 Alternatively, we hold that Ellis did not suffer serious injury sufficient to warrant compensation from Bass. The standard for determining what threshold injury is required to prove an Eighth Amendment claim of failure to protect has not been decided by this court or the Supreme Court. The Supreme Court recently observed that in Eighth Amendment conditions-of-confinement claims, "extreme deprivations are required." Hudson at 1000. Where deliberate indifference to medical needs is alleged, an Eighth Amendment violation is presented only if those medical needs are "serious." Id. (citing Estelle v. Gamble, 429 U.S. 97, 103-04 (1976)). In the excessive force context, the Court in Hudson held that "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.... This is true whether or not significant injury is evident." Id. (citation omitted). The Court, however, went on to say that not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. Necessarily excluded from the Eighth Amendment's proscription are "de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' " Id. (citations omitted).
 
 
 8
 Here, whatever "force" was exerted upon Ellis came not from Bass, the prison guard, but from another prisoner; and Ellis's claims against Bass were for his failure to protect Ellis from any impending harm. Whether the resulting harm, under the circumstances of this case, must be "serious" or "significant" or something else, and what constitutes injury "objectively 'harmful enough' " to satisfy the threshold injury requirement for a constitutional violation, see id. at 999 (quoting Wilson v. Seiter, 111 S. Ct. 2321, 2326 (1991)), we need not decide in this case, because we conclude that Ellis's injuries were "de minimis" as a matter of law.
 
 
 9
 According to the record, Ellis testified that after the bleach-and-water mixture was thrown on him, he was taken to the infirmary where a nurse flushed his eyes, gave him cream for his skin, and allowed him to shower. The nurse told him the chemicals had to wear off. The medical incident report, attached as an exhibit to Bass's motion for summary judgment, stated "no injuries noted white particles and smell of bleach on upper body and head area." Progress notes from Ellis's visit to the infirmary two days later indicated that the physician assistant thought Ellis was malingering. Under these facts, we conclude Ellis has alleged de minimis injury at most, and thus has not satisfied the objective component of an Eighth Amendment claim. See Hudson, 112 S. Ct. at 999-1000; Wilson v. Seiter, 111 S. Ct. at 2326.
 
 
 10
 Accordingly, we affirm the judgment of the magistrate judge. We thank appointed counsel for his assistance to the court.
 
 
 
 [1]
 The HONORABLE H. DAVID YOUNG, United States Magistrate Judge for the Eastern District of Arkansas, who upon the parties' consent conducted proceedings and entered judgment in the case pursuant to 28 U.S.C. § 636(c)
 
 
 [2]
 We have warned that the practice of holding a limited evidentiary hearing when a jury is demanded to determine whether the inmate can survive a motion for a directed verdict "should be used cautiously." Henson v. Falls, 912 F.2d 977, 979 (8th Cir. 1990). The directed verdict standard is very narrow. An inmate's claim may not be dismissed without a jury trial unless the evidence is such that, without weighing the credibility of witnesses, there can be but one reasonable conclusion. Williams-El v. Johnson, 872 F.2d 224, 228 (8th Cir.), cert. denied, 493 U.S. 824, 871 (1989)