994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Lee D. NARD, Appellant,
v.
M. D. REED; Dr. Liong; Johnny Cartwright, Varner Unit,
Arkansas Department of Correction; Turner,
L.P.N., Appellees.
 No. 92-3668.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 30, 1993.
Filed: May 5, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lee D. Nard, an Arkansas inmate, appeals from the district court's[1] dismissal of this 42 U.S.C. § 1983 action, following an evidentiary hearing. We affirm.
 
 
 2
 In his March 1991 amended complaint, Nard named as defendants Warden M. D. Reed, maintenance worker Johnny Cartwright, nurses Linda Douglas and Shirley Turner, and Drs. Liong and Temple. He alleged that he was injured on October 17, 1990, when he slipped in a puddle of water that had leaked from a broken water cooler. He claimed that Cartwright was negligent because he did not properly fix the water cooler, and Reed was liable because he did not properly supervise Cartwright. He claimed that the health care defendants were indifferent to his medical needs because they failed to obtain an appointment with a neurologist to treat the pain he suffered as a result of his fall. Nard asked for damages and demanded a jury trial.
 
 
 3
 The district court dismissed the complaint as to Douglas and Temple. Following an evidentiary hearing, the magistrate judge recommended judgment for the remaining defendants. The district court adopted the magistrate judge's recommendations and entered judgment accordingly.
 
 
 4
 On appeal, Nard admits that Liong ordered a neurology consultation, but contends that Liong is not immune from liability simply because prison policy did not allow him to approve the consultation himself. He adds that Turner's unsuccessful attempts to have the examination performed before February 1992 (when it finally occurred) do not show she was not deliberately indifferent to his medical needs. He also argues that Reed had a duty to train his subordinates, and Cartwright showed deliberate indifference to Nard's safety by allowing the cooler to leak for some time and by placing a bucket under the cooler.
 
 
 5
 Because Nard requested a jury trial, the directed verdict standard was applicable. See Henson v. Falls, 912 F.2d 977, 979 (8th Cir. 1990). This standard requires the district court to resolve direct factual conflicts in favor of the plaintiff, assume as true all facts supporting his claims which the evidence tended to prove, and give him the benefit of all reasonable inferences. Id. at 978-79. When reviewing the district court's grant of a directed verdict, we apply the same standard as the district court. Id. at 978.
 
 
 6
 Under this standard, we agree with the district court that the evidence showed no more than negligence regarding the maintenance of the water cooler; thus, Nard failed to establish a constitutional violation. See Bibbs v. Armontrout, 943 F.2d 26, 27 (8th Cir. 1991) (prison officials' negligence in ignoring condition of machine does not rise to Eighth Amendment claim), cert. denied, 112 S. Ct. 1212 (1992). Further, we agree with the district court that Turner and Liong's lack of success in their attempts to secure Nard's neurological consultation does not show that either was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas