993 F.2d 1537
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnny GRAY, Plaintiff-Appellant,
v.
DETECTIVE SPILLMAN; Detective Bishop; Detective Riggs,
Defendants-Appellees,
and
DETECTIVE CARTNER, Defendant.
 No. 91-7199.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 2, 1992
May 17, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Richard C. Erwin, Senior District Judge. (CA-88-696-WS-C)
 Argued: Jack Holtzman, North Carolina Prisoner Legal Services, Inc., Raleigh, North Carolina, for Appellant.
 Ann Frances Mellette Shaver, Smith, Helms, Mulliss & Moore, Greensboro, North Carolina, for Appellees. On Brief: Susan H. Pollitt, Kathryn L. Tino, North Carolina Prisoner Legal Services, Inc., Raleigh, North Carolina, for Appellant. Michael A. Gilles, Smith, Helms, Mulliss & Moore, Greensboro, North Carolina, for Appellees.
 M.D.N.C.
 REVERSED AND REMANDED
 OPINION
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Johnny Gray initially filed this 42 U.S.C. § 1983 action pro se, alleging that during a custodial interrogation by law enforcement officers Robert A. Spillman, Kenneth W. Bishop, and William P. Riggs ("Defendants"), he was subjected to unreasonable and excessive force in violation of his constitutional rights. Defendants moved for summary judgment, and the district court adopted a magistrate judge's recommendation for granting the motion. We reversed the summary judgment in Gray v. Spillman (Gray I ), 925 F.2d 90 (4th Cir. 1991),[1] and Gray received court appointed counsel on remand. The district court now has heard Gray's evidence and granted the Defendants' motion for judgment as a matter of law. See Fed. R. Civ. P. 50(a).[2] After reviewing the trial transcript, we conclude that the district court erred in granting the Defendants' motion. Therefore, we reverse this case and remand it for disposition not inconsistent with the following discussion.
 
 
 2
 * Gray's allegations of constitutional violations surround the events of December 11 and 14, 1987, when Gray was confined in the Forsyth County Jail awaiting trial on burglary and robbery charges in connection with the Gilmore case. On December 11, Gray asserts that the Defendants took him out of jail to an interrogation room to question him about the Gilmore case. During this interrogation, the questioning shifted to the Mabe murder investigation, and the Defendants attempted to get Gray to sign a constitutional waiver form and confess to involvement in the Mabe case. Gray alleges that after he refused to cooperate in the Mabe investigation and incriminate himself in the murder, the Defendants became violent. According to Gray's testimony, Spillman slapped Gray across the face twice, knocking Gray's hat to the floor. Spillman told Gray, "You are going to admit to a crime or else I am going to beat the hell out of you," and then demanded that Gray stand and shoved him into the wall. Gray also testified that Riggs kneed him sharply in the back.
 
 
 3
 Gray alleges that the Defendants took him for interrogation on December 14, and again questioned him about the Mabe murder case. When Gray refused to answer questions and asked that his lawyer be present, the Defendants pushed him around and Bishop stomped on his foot. Gray finally made an incriminating statement. Gray asserts that he was noticeably beaten and bloodied after the December 11 incident and that he requested but was denied medical treatment on December 16.
 
 
 4
 Gray testified to the events as detailed above at trial, but on cross examination, he contradicted himself on the following points. He could not establish clearly when he was handcuffed and when he was not during the December 11 interrogation. He denied knowing that the December 11 interrogation would involve the Mabe case, but admitted to signing a constitutional waiver form that stated across its top "The Winston-Salem Police Department is conducting an investigation into the death of Eli Mabe." Gray exhibited confusion over which hand Spillman hit him with and what part of his mouth was injured by the blows. He contradicted his deposed testimony that his face hit a two-way mirror when Spillman shoved him against the wall. Gray suggested in his trial testimony that he was injured in the December 14 altercation, but stated in his deposition that he was not hurt on December 14.
 
 
 5
 Gray called three witnesses, Gary Springs and Robin Lee Carmichael, who were fellow inmates, and Daniel S. Johnson, Gray's attorney at the time of the events in question. All three witnesses were unable to verify or recall whether they noticed physical signs of abuse when they saw Gray after the interrogations. The Defendants put on no evidence before moving for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.
 
 II
 
 6
 * Rule 50(a) of the Federal Rules of Civil Procedure permits a party to move for judgment as a matter of law. If, during a jury trial, a party has put on evidence and yet demonstrated no legally sufficient evidentiary basis for a reasonable jury to find in his favor, the court may grant a motion for judgment as a matter of law or direct the verdict against that party. Fed. R. Civ. P. 50(a).
 
 
 7
 A district court should withdraw a case from the jury when any verdict in favor of the nonmoving party necessarily will be premised upon speculation and conjecture. Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985) (citing Ford Motor Co. v. McDavid, 259 F.2d 261, 266 (4th Cir.), cert. denied, 358 U.S. 908 (1958)). The question is not whether there is no evidence, but whether there is sufficient evidence upon which a jury properly can proceed to reach a verdict; a mere scintilla of evidence is not enough to defeat a motion for judgment as a matter of law. Id. The plaintiff must present sufficient evidence to establish a prima facie case. Id. Unless there is substantial evidence to support the verdict asked of the jury, the district court must grant judgment as a matter of law upon request. Business Dev. Corp. v. United States, 428 F.2d 451, 453 (4th Cir.), cert. denied, 400 U.S. 957 (1970).
 
 
 8
 We apply de novo review to appeals challenging the granting of a motion for judgment as a matter of law. We may not, when reviewing the propriety of judgment as a matter of law, " 'weigh the evidence, pass on the credibility of witnesses, or substitute our judgment of the facts for that of the jury.' " Gairola, 753 F.2d at 1285 (quoting Tights, Inc. v. Acme-McCrary Corp., 541 F.2d 1047, 1055 (4th Cir.), cert. denied sub nom. Kayser-Roth Corp. v. Tights, Inc., 429 U.S. 980 (1976)). The test essentially is whether, without weighing the evidence or considering the credibility of the witnesses, " 'there can be but one conclusion as to the verdict that reasonable jurors could have reached.' " Id. (quoting Wheatley v. Gladden, 660 F.2d 1024, 1027 (4th Cir. 1981)).
 
 
 9
 On appeal, we must resolve direct factual conflicts in favor of the nonmovant, assume as true all facts supporting the nonmovant which the evidence tended to prove, and give the nonmovant the benefit of all reasonable inferences. Henson v. Falls, 912 F.2d 977, 978-79 (8th Cir. 1990). In order to benefit from the favorable inferences available on a motion for judgment as a matter of law, a nonmovant must present "substantial evidence," defined as # 7F 79AD# such relevant] evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kaplan v. Burroughs Corp., 611 F.2d 286, 290 (9th Cir. 1979) (quoting Janich Bros., Inc. v. American Distilling Co., 570 F.2d 848, 853 n.2 (9th Cir. 1977), cert. denied, 439 U.S. 829 (1978)), cert. denied, 447 U.S. 924 (1980).
 
 
 10
 When a witness testifies in his own interest, a trial court errs if, by noting basic discrepancies in the testimony, the court concludes it to be inherently incredible. Henson, 912 F.2d at 979. Under certain circumstances, however, a court may put aside testimony that is so undermined as to be incredible. Johnson v. Washington Metro. Area Transit Auth., 883 F.2d 125, 128 (D.C. Cir. 1989), cert. denied, 494 U.S. 1027 (1990). These circumstances most typically occur when a plaintiff's claim is supported solely by the plaintiff's self-serving testimony, unsupported by corroborating evidence, and undermined either by other credible evidence, physical impossibility, or other persuasive evidence that the plaintiff has deliberately committed perjury.
 
 
 11
 Id.
 
 B
 
 12
 Gray must demonstrate with sufficient evidence the prima facie elements of his action to survive the Defendants' motion for judgment as a matter of law. To establish a cause of action under 42 U.S.C. § 1983, Gray must allege the violation of a right secured by the Constitution or laws of the United States and show that the alleged violation was committed by persons acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The parties in this case do not deny that the Defendants were acting under the color of state law, so the sole issue for Gray to prove is the violation of his constitutional rights. "[I]n this circuit, we specifically hold that the unjustified striking, beating, or infliction of bodily harm upon a prisoner gives rise to liability under 42 U.S.C. § 1983 on the part of one who, acting under color of state law, engages in such conduct without just cause." King v. Blankenship, 636 F.2d 70, 72 (4th Cir. 1980). Therefore, if Gray submitted sufficient evidence to show an unjustified beating at the hands of the Defendants, his case should withstand their motion for judgment as a matter of law.
 
 
 13
 Gray suggests that the district court erred in not finding that Gray had established his prima facie case in two ways. First, Gray argues that the district court disregarded his testimony by making its own credibility assessment. The district court noted, during oral argument on the motion for judgment as a matter of law: "There ought to be one circumstance in his favor. There's not a circumstance in his favor, is it?" Gray's attorney then pointed out that the court had before it Gray's own testimony. Gray's testimony satisfies the standard, outlined by the D.C. Circuit court in Johnson v. Washington Metropolitan Area Transit Authority, for accepting a plaintiff's testimony as sufficient: although the evidence represents Gray's own self-serving testimony and is unsupported by corroborating testimony, it is not undermined by other credible evidence, physical impossibility, or other persuasive evidence that Gray deliberately has committed perjury. Johnson, 883 F.2d at 128. Even if a jury were to disbelieve all contradictory elements of Gray's testimony, it still would be left with the testimony that Spillman slapped Gray with either his right or left hand and slammed him against a wall, that Bishop stomped on his foot, and that Riggs kneed Gray in the back, all in an attempt to procure a confession. Should a jury believe these allegations, then the jury must believe that Gray "was beaten for an absolutely impermissible reason: to coerce an incriminating statement." Gray I, 925 F.2d at 93. A showing of the conduct alleged by Gray is sufficient to establish "the unjustified striking, beating, or infliction of bodily harm," thereby creating a triable jury issue. King, 636 F.2d at 72.
 
 
 14
 Second, Gray argues that the district court erroneously required a showing of an injury to overcome the motion for judgment as a matter of law. In Gray's earlier appeal, we made clear that injury was not an element of a section 1983 action alleging excessive force. Gray I, 925 F.2d at 93 (citations omitted) ("Having proven the constitutional violation, and absent immunity considerations, § 1983 requires nothing more to establish the defendants' liability. The existence of an interrogee's physical injuries is relevant in assessing the amount of actual damages; it is not a prerequisite to suit."). The Supreme Court recently joined in this view, holding,
 
 
 15
 In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident.
 
 
 16
 Hudson v. McMillian, 112 S. Ct. 995, 1000 (1992) (citations omitted).
 
 
 17
 The presence of injuries may become significant in establishing a prima facie case if there is some question that the force was justified. In this case, however, the Defendants have not suggested that their actions were justified. Instead, they have denied the incidents altogether. Because he does not need to counter a justification argument, Gray need testify to injuries only to bolster the jury's determination of actual damages. Gray I, 925 F.2d at 93 n.1 ("In the absence of proof of actual damage, Gray may only be entitled to nominal damages."). The district court claimed to follow the Gray I precedent, but noted, "Well, how can you use force when there's no injury? You're talking about force. The best thing he said [was] 'he punched me in the eyes with his fingers.' " Yet the constitutional violation occurred when the Defendants struck Gray or "psychologically intimidated [him] in a manner equivalent to beating." Id. at 94. Gray's testimony of the slaps and shoves gives a reasonable jury a sufficient basis to find the violation and award at least nominal damages.
 
 C
 
 18
 After making the foregoing two assignments of error, Gray suggests that his success with the earlier motion for summary judgment enhances his ability to overcome a motion for judgment as a matter of law. The legal standards for summary judgment and judgment as a matter of law are similar; however, in considering a motion for judgment as a matter of law, the district court has had the benefit of seeing what the parties alleged they could prove prior to trial tested in open court. Kim v. Coppin State College, 662 F.2d 1055, 1059 (4th Cir. 1981). Accordingly, the district court is entitled to grant judgment as a matter of law when summary judgment would not have been appropriate. Even though some evidence supports the nonmovant's position, judgment as a matter of law will stand so long as there are no controverted issues of fact upon which reasonable minds could differ. Id. Gray's summary judgment success does not make him immune to a motion for judgment as a matter of law, but he has presented evidence that would establish a controverted issue of fact. Gray testified that the Defendants assaulted him in violation of his constitutional rights, and the Defendants deny that the incident ever occurred. The only appropriate body to sort out this dispute is the jury. Accordingly, we reverse the district court's grant of judgment as a matter of law and remand this case for further proceedings consistent with this opinion.
 
 REVERSED AND REMANDED
 
 
 [1]
 In this earlier appeal, Gray raised the propriety of summary judgment for defendant Billie L. Cartner. Gray alleged that Cartner, the Forsyth County jailer, violated Gray's constitutional rights by being deliberately indifferent to Gray's medical needs. We held that the affidavits filed with the motion for summary judgment "overwhelmingly demonstrate that [Cartner] could not have been deliberately indifferent to Gray's serious medical needs." Gray v. Spillman (Gray I ), 925 F.2d 90, 91 (4th Cir. 1991). Due to this affirmance of the summary disposition of Gray's claims against Cartner, Cartner plays no part in the present appeal
 
 
 [2]
 In 1991, Rule 50(a) of the Federal Rules of Civil Procedure was amended to eliminate the terminology of "directed verdict." A party seeking judgment on an issue based solely on controlling law and not on resolution of disputed facts now moves for judgment as a matter of law. By proposing this change, the Supreme Court hoped to demonstrate more accurately the relationship between judge and jury. A judge may, in effect, direct a verdict only when the facts provide no dispute and the law compels the requested result. See generally Fed. R. Civ. P. 50(a) notes of advisory committee on rules