994 F.2d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Virgil Lee BULLOCK, Appellant,
v.
A. L. LOCKHART, Director, Arkansas Department of Correction;
Marvin Evans, Jr., Warden; B. Cunningham, Infirmary
Administrator; John Byus, Medical Services Administrator;
B. Sherwood, Sgt.; D. Metcalf, Sgt.; L. A. Teal, Sgt.; R.
Lansdell, Sgt.; R. Rhodes, Major, Tucker Unit, Arkansas
Department of Correction, Appellees.
 No. 92-3889.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 6, 1993.
Filed: June 10, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Virgil Lee Bullock, an Arkansas inmate, brought this civil rights action against prison personnel asserting they were deliberately indifferent to his epileptic condition when they forced him to work on the hoe squad and denied him medical care immediately following seizures. After a magistrate judge held a "directed verdict hearing," the district court adopted the magistrate's recommendations and ruled in favor of the prison personnel. Bullock appeals.
 
 
 2
 On review, we resolve direct factual conflicts in Bullock's favor, assume as true all facts supporting Bullock that the evidence tended to prove, give Bullock the benefit of all reasonable inferences, and reverse if the evidence viewed in this way would allow reasonable jurors to draw different conclusions. See Henson v. Falls, 912 F.2d 977, 978-79 (8th Cir. 1990). A directed verdict must be reversed if the factfinder weighed witness credibility to eliminate a possible conclusion in the losing party's favor. Id. at 979.
 
 
 3
 Having carefully reviewed the record, we conclude Bullock failed to submit any proof against Lockhart, Evans, Byus, and Rhodes, and they cannot be held liable on a respondeat superior theory. Sherwood was not served. Thus, the district court properly entered judgment in favor of these persons.
 
 
 4
 The district court, however, should not have entered judgment for the remaining personnel. Bullock testified that Metcalf, Teal, and Lansdell would not allow him to go to the infirmary following a seizure until the entire hoe squad returned to the prison, and they ignored his complaints that he could not maintain the hoe squad pace. This testimony was not rebutted, perhaps because the magistrate judge curtailed the hearing. Having listened to the tape of the hearing, we believe the magistrate judge improperly made credibility decisions in ruling that Metcalf, Teal, and Lansdell reasonably relied on Bullock's medical classification and were unaware of any facts precluding Bullock's assignment to the field. See id. Similarly, Bullock testified Cunningham refused to treat him and only eventually scheduled a doctor's appointment, but Cunningham neither admitted nor refuted this testimony.
 
 
 5
 In the past, we have cautioned the Eastern District of Arkansas about its use of "directed verdict hearings." Id. Today, we repeat that a litigant who requests a jury is entitled to have a jury rather than a magistrate judge decide questions of fact. Id. We also remind the district court to conduct a proper de novo review. Id.
 
 
 6
 We affirm the district court's dismissal of Lockhart, Evans, Byus, Rhodes, and Sherwood. We reverse the judgment entered for Metcalf, Teal, Lansdell, and Cunningham, and remand for further proceedings. Given our concern about Bullock's ability to represent himself, we also remand for reconsideration of Bullock's request for appointed counsel.