996 F.2d 1221
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Roger D. MOSBY, Appellant,
v.
Patrick M. FITZPATRICK, Nurse/Paramedic, Tucker Unit, ADC;
Henry Masters, Dr.; Robert Jones, Appellees.
 No. 93-1273.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 11, 1993.
Filed: June 16, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roger Mosby, an Arkansas inmate, appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Mosby claimed that nurse Patrick Fitzpatrick, Dr. Robert Jones, and Dr. Henry Masters violated his constitutional rights by administering a tuberculosis test against his protestations. He demanded a jury trial and requested damages. At a pre-trial hearing before the magistrate judge, Mosby restated his allegations concerning the tuberculosis test and added allegations that other members of the prison's medical staff refused to treat symptoms he suffered as a result of the test. The magistrate judge recommended dismissal because Mosby did not present sufficient evidence to withstand a motion for directed verdict. The district court adopted the report and, over Mosby's objections, dismissed his complaint.
 
 
 3
 On appeal, Mosby argues that the district court arbitrarily dismissed his case even though defendants' actions constituted deliberate indifference to his medical needs and cruel and unusual punishment. He contends that Masters and Jones caused Fitzpatrick to test him and, therefore, they were liable under section 1983.
 
 
 4
 Because Mosby requested a jury trial, the directed verdict standard was applicable. See Henson v. Falls, 912 F.2d 977, 979 (8th Cir. 1990). The district court must resolve direct factual conflicts in favor of the plaintiff, assume as true all facts supporting his claims which the evidence tended to prove, and give him the benefit of all reasonable inferences. Id. at 978-79. When reviewing the district court's grant of a directed verdict, this court applies the same standard as the district court. Id. at 978.
 
 
 5
 Applying this standard, we determine that the district court correctly dismissed Mosby's case. Mosby did not present evidence that Fitzpatrick, Jones, or Masters acted maliciously and sadistically or with deliberate indifference when ordering or performing the pin-prick skin test on him. See Moody v. Proctor, 986 F.2d 239, 241-42 (8th Cir. 1993) (per curiam) (prisoner must show evidence of such an intent in Eighth Amendment claim). He also did not produce evidence that any of the named defendants refused to treat him for his alleged symptoms. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (no section 1983 claim where plaintiff does not allege personal involvement of defendant in incident that harmed him).
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas