Clifton Roger JOHNSON, Appellant,

v.

BI–STATE JUSTICE CENTER/ARKANSAS DEPT. OF CORRECTIONS; Warden Rick Hart; Major Larry Jordan; Lt. Rodney Johnson; Staff Officer Evelyn Allen; Dr. Jerry Stringfellow; Lt. Webb; CO1 Gilbert; CO1 Sullivan, Appellees.

No. 92–3061.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1993.

Decided Dec. 27, 1993.

Barry A. Bryant, Texarkana, AR, argued, for appellant.

Reginald A. Rogers, Little Rock, AR, argued (Don Cooksey, Kaylin D. Kluge and David B. Eberhard, on brief), for appellees.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

Arkansas inmate Clifton R. Johnson appeals the district court's order dismissing his 42 U.S.C. § 1983 damage claims against various prison officials. We conclude that the district court applied the wrong legal standard in dismissing Johnson's excessive force claim before trial. Therefore, we reverse in part and remand for further proceedings.

## I.

Johnson's amended complaint alleged that Lt. Rodney Johnson placed Johnson in isolation without a hearing and without his personal effects in retaliation for filing a lawsuit and grievance; that Major Larry Jordan, staff officers Evelyn Allen, David Gilbert, and Mark Sullivan, and Lt. Mike Webb later assaulted and beat Johnson; and that Warden Rick Hart, Lt. Johnson, and Dr. Jerry Stringfellow failed to answer a grievance, denied Johnson medical attention after the beating, and then delayed his treatment. Claiming violations of his First, Eighth, and Fourteenth Amendment rights, Johnson sought declaratory and injunctive relief, compensatory and punitive damages, and a jury trial.

The magistrate judge conducted an evidentiary hearing to determine whether John-

son's claims warranted a jury trial. On the excessive force claim, Johnson testified that, after he was transferred to a more secure area, he sought the attention of prison officials by beating on the windows and doors of the day room. Defendant Jordan responded, and Johnson asked when he would be released from isolation. Jordan replied he did not want to hear from Johnson and started to leave. Johnson was standing in the doorway and held out his hands to prevent the door from closing. Jordan opened the door, pushed Johnson against a wall, and put his right hand around Johnson's throat. Jordan then hit Johnson on the head with the soft cast on Jordan's left arm and tripped Johnson, causing him to hit his head on the ground and rendering him "somewhat unconscious." When Johnson awoke, other officers were kicking him, stomping on him, and beating him unnecessarily before returning him to his cell. Johnson stated that he suffered severe headaches as a result of the blow to his head. He rested after the magistrate judge advised him that his excessive force claim was "alive."

Jordan testified that he received a call from staff officer Allen that Johnson was being disruptive. Jordan came to the scene and observed Johnson in the day room, beating on the glass, yelling, and demanding information about obtaining his personal items. Jordan told Johnson he would return when Johnson calmed down. Jordan attempted to close the door to leave but Johnson stopped the door from closing and tried to step out of the secure area. As Jordan pushed Johnson back into the pod and against the wall, Johnson grabbed Jordan's head. Jordan took him to the floor and Officers Webb, Sullivan, and Allen assisted in handcuffing Johnson and returning him to a cell. During the scuffle, Johnson kicked Officer Webb. Jordan denied hitting Johnson on the head or kicking him and stated that Johnson was never unconscious and did not request medical attention. Defendants Allen, Webb, Gilbert, and Sullivan likewise testified that Johnson was kicking and screaming and was totally out of control during the altercation, and denied that excessive force was used to subdue him.

The magistrate judge recommended that Johnson's excessive force claim be dismissed under 28 U.S.C. § 1915(d). "Even if the amount of force used in returning [Johnson] to his cell was unreasonable in retrospect," the magistrate judge concluded, "the isolated incident could not be the basis for relief without a showing that the Defendants acted with deliberate indifference to or in reckless disregard of [Johnson's] constitutional rights." The district court accepted the magistrate judge's recommendations and dismissed Johnson's complaint.

## II.

■ As a procedural matter, the magistrate judge erred in recommending that Johnson's excessive force claim be dismissed under § 1915(d). That statute permits the summary dismissal of *in forma pauperis* claims that are factually or legally *frivolous*. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As the Supreme Court has recently emphasized:

[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.... An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.

*Denton v. Hernandez*, —— U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Johnson's disputed assertion that excessive force was used to subdue him is neither irrational nor wholly incredible. This is not a suitable case for a § 1915(d) dismissal.

■ We have approved the use of a pretrial evidentiary hearing to determine whether a pro se inmate's nonfrivolous § 1983 damage claims warrant a jury trial. *See Pettengill v. Veasey*, 983 F.2d 130, 132–33 (8th Cir.1993); *Henson v. Falls*, 912 F.2d 977, 979 (8th Cir.1990). However, we have stressed that such a hearing must be consistent with the plaintiff's right to a jury trial. Therefore, if only the plaintiff presents evidence, the standard is whether his case would survive a Fed.R.Civ.P. 50(a) motion for judgment as a matter of law at trial (the former motion for directed verdict). Even if both sides present evidence, so that the pro-

cedure resembles a summary judgment motion with live evidence, the standard remains the same—"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In either case, the court must apply the proper standard of proof, avoid credibility determinations, believe the inmate's evidence, and draw all justifiable inferences in the inmate's favor. *Id.* at 255, 106 S.Ct. at 2514.

### III.

■ The magistrate judge ruled that Johnson's "isolated incident" of alleged excessive force could not be the basis for an Eighth Amendment claim unless he proved that defendants "acted with deliberate indifference to or in reckless disregard of [Johnson's] constitutional rights." In a later decision, the Supreme Court clarified the elements of an excessive force claim:

> "[T]he unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." [Quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).]

> What is necessary to establish an "unnecessary and wanton infliction of pain" ... varies according to the nature of the alleged constitutional violation. For example, the appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited "deliberate indifference."

\* \* \* \* \* \*

By contrast ... application of the deliberate indifference standard is inappropriate when authorities use force to put down a prison disturbance. Instead, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadis-

tically for the very purpose of causing harm.'"

*Hudson v. McMillian*, —— U.S. ——, ——, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) (citations omitted). In light of this supervening precedent, it is apparent that the district court erred in applying the deliberate indifference standard to dismiss Johnson's excessive force claim.

■ Defendants argue that we may nonetheless affirm the dismissal of Johnson's excessive force claim because, in the context of a prison scuffle arising out of the need to restore order and discipline, Johnson failed to prove that defendants used more than a constitutionally *de minimis* amount of force to subdue him. This argument requires careful consideration. "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, —— U.S. at ——, 112 S.Ct. at 1000 (citations omitted). The infliction of pain in the course of a prison security measure is not cruel and unusual punishment "simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley*, 475 U.S. at 319, 106 S.Ct. at 1084. Moreover, plaintiff bears a substantial burden on this issue—"[u]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain ... the case should not go to the jury." *Whitley*, 475 U.S. at 322, 106 S.Ct. at 1085.

■ Here, it is undisputed that Johnson created a disturbance and then acted to prevent the closing of a security door. Defendants could apply reasonable force to move Johnson away from the door and return him to his cell. However, Johnson testified that Jordan hit him in the head with a cast, rendering him semi-conscious, and that prison officials continued to kick, stomp, and beat him after he had been pushed to the ground and subdued. The question is whether this testimony, viewed in light of other relevant factors such as the extent of Johnson's injury

and the security threat reasonably perceived by defendants, "will support a reliable inference" of an unnecessary and wanton infliction of pain. That is not an easy question, as the opinions of the divided panel in *Moore v. Holbrook*, 2 F.3d 697 (6th Cir.1993), make clear. We believe it is a question that must be answered in the first instance by the district court, applying the correct excessive force standard and avoiding the improper resolution of credibility issues. Accordingly, the dismissal of Johnson's excessive force claim must be reversed.

### IV.

After careful review of the record applying the proper directed verdict standard, we agree with the district court that Johnson did not present sufficient evidence to go to the jury on his medical treatment claims, which are governed by the deliberate indifference standard, and his claim that defendants violated his First Amendment, Eighth Amendment, and due process rights in transferring him to a more secure area. The judgment of the district court is reversed and the case is remanded for further proceedings on the excessive force claim consistent with this opinion; the dismissal of all other claims is affirmed.