# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2271

_____

Reginald R. Early,                               *
                                                 *
                Appellant,                       *
                                                 *   Appeal from the United States
        v.                                       *   District Court for the Eastern
                                                 *   District of Arkansas.
                                                 *
John Lowe, Assistant Warden, East                *
Arkansas Regional Unit, Arkansas                 *          [UNPUBLISHED]
Department of Correction (originally             *
sued as J E Lowe); Stan Davenport,               *
Sgt., East Arkansas Regional Unit,               *
Arkansas Department of Correction                *
(originally sued as Mr. Davenport);              *
Stevie Valentine, Sgt., East Arkansas            *
Regional Unit, Arkansas Department               *
of Correction (originally sued as Mr.            *
Valentine); Maurice Williams, Captain,           *
East Arkansas Regional Unit, Arkansas            *
Department of Correction (originally             *
sued as Mr. Williams); Jonathan                  *
Warner, Sgt., East Arkansas Regional             *
Unit, Arkansas Department of                     *
Correction (originally sued as J D               *
Warner); Donaldson, Sgt., East                   *
Arkansas Regional Unit, Arkansas                 *
Department of Correction; Scott                  *
McCall, CO-1, East Arkansas Regional             *
Unit, Arkansas Department of                     *
Correction (originally sued as Mr.               *
McCall); Ricky Thorne, Sgt., East                *
Arkansas Regional Unit, Arkansas                 *

Department of Correction (originally * sued as Sgt. Thorne); Vergerl, Sgt., * East Arkansas Regional Unit, Arkansas * Department of Correction; Brady * Jefferson, CO-1, East Arkansas * Regional Unit, Arkansas Department of * Correction (originally sued as Mr. * Jefferson); Marvin Evans, Warden, East * Arkansas Regional Unit, Arkansas * Department of Correction (originally * sued as M Evans); G. David Guntharp, * Deputy Director, Arkansas Department * of Correction (originally sued as G * David Gunthrop), *

           Appellees.      *

_____

Submitted: October 5, 2001
Filed: November 13, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Arkansas inmate Reginald Early appeals the District Court's second dismissal of his 42 U.S.C. § 1983 action following an evidentiary hearing before a magistrate judge. We now reverse and remand the case for a jury trial.

Early's § 1983 action stems from a November 10, 1998, incident at the Arkansas Department of Correction Brickey Unit, Eastern Arkansas Regional Unit. On that date, officers (some of the defendants) sought to move Early from his one-man cell. Early claims that the officers used excessive force during the incident.

Although Early requested a jury trial, an evidentiary hearing was held by videoconference before a magistrate judge. At the hearing, Early provided the following testimony. According to him, officers came to his cell on the afternoon of November 10 to move him to isolation pending a disciplinary court investigation into an altercation that took place in his cell that same morning. Early told the officers he would not be going with them and did not want to be handcuffed because he feared the officers would assault him in retaliation for the earlier incident. The captain ordered the officers to carry Early, and an officer wearing riot gear threw two "stinger" grenades (loaded with rubber pellets) at him. Thirty minutes later, the same officer approached Early with a "riot gun" (which shoots rubber bullets) and shot him twice, once in the head. The officers then entered Early's cell, wrestled him to the ground, placed him in handcuffs and leg irons, dragged him into the hall, and then picked him up and carried him. The shackles were too tight, and even though the officers loosened the shackles twice, Early's legs swelled, his hands became numb, and his skin was broken around his wrists. Early testified that he continues to have black rings around his legs from the leg irons.

A nurse testified before the magistrate judge on behalf of the defendants that Early was highly agitated and using a lot of profanity when they approached the cell to extract him, that he resisted cuffing, and that he received only minor injuries from the incident. Although in an earlier discovery response defendant Evans had stated that a videotape of the incident had been recorded over, at the hearing the magistrate judge indicated that defendants had provided a videotape which he would view. Early was not afforded an opportunity to view this videotape.

Subsequently, the magistrate judge issued a report recommending that the case be dismissed because there was no question that the force used on Early was a proportional response to a disturbance or that the officers did not act maliciously and sadistically for the very purpose of causing him harm. Specifically, the magistrate judge found that the videotape showed tear gas being forced into Early's cell with no

-3-

effect on his demeanor or physical condition. Early disputed (and continues to dispute) that the videotape the magistrate judge reviewed reflects the incident in question, in part because, he claims, no tear gas was used against him and he did not threaten staff. Following a remand by this Court for required de novo review by the District Court, see Early v. Lowe, 230 F.3d 1362 (8th Cir. 2000) (per curiam) (unpublished table decision), the District Court adopted the magistrate's recommendation and dismissed the case.

This Circuit has approved the limited use of evidentiary hearings like the one conducted in this case, but has warned that in order to avoid violating a litigant's Seventh Amendment right to a trial by jury, such hearings should be used cautiously. See Hobbs v. Lockhart, 46 F.3d 864, 868 (8th Cir. 1995); Henson v. Falls, 912 F.2d 977, 978-79 (8th Cir. 1990). When conducting such a hearing, a court should dismiss a case only if, after giving the plaintiff the benefit of all reasonable inferences, "'the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion.'" Henson, 912 F.2d at 979 (quoting Williams-El v. Johnson, 872 F.2d 224, 228 (8th Cir.), cert. denied, 493 U.S. 824, 871 (1989)).

Having conducted a de novo review of the record including the videotape, see Douglas County Bank & Trust Co. v. United Fin. Inc., 207 F.3d 473, 477 (8th Cir. 2000) (standard of review), we conclude the District Court erred in dismissing Early's complaint. Whether the force used by the officers violated Early's Eighth Amendment rights depends on whether the officers used force maliciously and sadistically to cause harm or in good faith to maintain and restore discipline. See Jones v. Shields, 207 F.3d 491, 495 (8th Cir. 2000); Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1993) (explaining that relevant factors include the objective need for force and the extent of injury inflicted). Here, the magistrate judge made credibility determinations and resolved disputed issues of fact which could be relevant to this inquiry. Which version of the incident was more credible, and whether the videotape in fact depicted the incident in question, are questions that must be decided by a jury,

not the magistrate judge.  See Hobbs, 46 F.3d at 868 (concluding that question of which version of incident was more credible should have been submitted to jury); Henson, 912 F.2d at 979 (same).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.