23 F.3d 394
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Dante CALABRIA, Plaintiff, Appellant,
v.
Larry E. DUBOIS, ETC., et al., Defendants, Appellees.
 No. 93-1742
 United States Court of Appeals,
First Circuit.
 May 24, 1994
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge ]
 Dante Calabria on brief pro se.
 Nancy Ankers White, Special Assistant Attorney General, and Kathleen J. Moore on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before Torruella, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff Dante Calabria, a Massachusetts inmate, appeals the dismissal of his pro se Sec. 1983 action for failure to state a claim. These facts appear from the face of the complaint.
 
 
 2
 * In November 1992, Calabria, a cook's helper at the Old Colony Correctional Center ("OCCS"), was placing potatoes in pans preparing to bake them as directed by correction officer Borges, the head cook, when another correction officer, Hurst, suggested to Calabria that, as the chicken was to be baked, the potatoes be boiled. Calabria responded that he had been ordered to bake the potatoes and resumed work. Hurst repaired to Borges' office, to which Calabria was soon summoned, whereupon Borges ordered Calabria to boil the potatoes and then threw a radio belt at Calabria causing blood to appear at the corner of his mouth. Calabria received medical attention soon afterwards, during which time Calabria claims to have been informed that Borges had a significant history of assaultive behavior towards inmates.
 
 
 3
 Upon this recital, Calabria sued Borges, Dubois, the Commissioner of the Department of Correction, and Murphy, the superintendent of the OCCC, in their individual and official capacities. The principal charge is that defendants inflicted unnecessary and unjustified force and cruel and unusual punishment in violation of the Eighth Amendment. Calabria claims that Dubois and Murphy knew about Borges' propensity for assaulting inmates, but were deliberately indifferent to the danger in which plaintiff was placed because Borges was allowed to work with inmates in an unsupervised environment. Calabria seeks declaratory and injunctive relief, and compensatory and punitive damages for physical pain, stress, and mental anguish.
 
 
 4
 Defendants' motion to dismiss or, in the alternative, for summary judgment, presented a slightly different version of the precipitating event, but the basic facts were undisputed: while working in the kitchen, Calabria was struck on the mouth by an object thrown by Borges; blood appeared and medical attention was had. There was no disturbance and no disciplinary report was filed. The district court acknowledged some conflict in the parties' versions of the event, but concluded that even if the court were to assume that plaintiff's account was true, Calabria had failed to state a claim for which relief could be granted. We agree that the single blow described does not state a cognizable cause of action under the Eighth Amendment and Calabria could not possibly prove an excessive force violation based on that recitation, indulging all reasonable and plausible inferences in his favor.
 
 II
 
 5
 Calabria's chief premise on appeal is that the district court, in dismissing his complaint, misapplied the standard for Eighth Amendment excessive force claims enunciated in Hudson v. McMillian, 112 S. Ct. 995 (1992), and focused upon the extent of Calabria's injuries rather than his allegations regarding the malicious and sadistic nature of defendants' conduct. In this regard, Calabria appears to argue that because institutional security was not at stake, the force used was unnecessary, and the conduct alleged by Calabria is sufficient to state a claim. Alternatively, Calabria complains that the district court blindly accepted defendants' version of the offending conduct, and that because the parties' versions of that conduct vary greatly, material issues of fact remain to be resolved. However, as indicated above, the basic underlying facts are not disputed and the district court accepted plaintiff's allegations as true for the purpose of deciding the motion.
 
 
 6
 In arguing that dismissal for failure to state a claim was proper, defendants chiefly rely on (1) the absence of factual allegations showing unnecessary and wanton infliction of pain; and (2) Calabria's bare recital that he was struck once during the normal course of daily activities, reflects, under Hudson, 112 S. Ct. at 1000, a de minimis use of physical force excluded from Eighth Amendment recognition.
 
 III
 
 7
 Generally, an Eighth Amendment claimant must allege and prove the unnecessary and wanton infliction of pain. Whitley v. Albers, 475 U.S. 312, 320 (1986). Hudson v. McMillian extended Whitley, which involved a prison riot, to any excessive force claim and held: "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 112 S. Ct. at 999. Further, the Court decided that the "objectively harmful enough" component of an Eighth Amendment claim is always satisfied when prison officials use force maliciously and sadistically to cause harm "whether or not significant injury is evident." Id. at 999- 1000. In deciding that the extent of Hudson's injuries (bruises and swelling of face, mouth and lip, loosened teeth and cracked dental plate) could result from non-de minimis force for Eighth Amendment purposes, and were relevant to (but not determinative of) the "unnecessary and wanton" Whitley inquiry, the Court nonetheless indicated that there was some quantum of physical force that was necessarily excludable from Eighth Amendment recognition, unless that use of force was otherwise repugnant. Id. at 1000. That not "every malevolent touch by a prison guard gives rise to a federal cause of action," id., suggests that merely superficial injury permits a reliable inference that the accompanying force was not "harmful enough," Wilson v. Seiter, 111 S. Ct. 2321, 2326 (1991), and is constitutionally de minimis. See Whitley, 475 U.S. at 321-22 (inferences may be drawn from, among other factors, the extent of the injury inflicted as to whether the use of force employed evidenced wanton conduct); see also Moore v. Holbrook, 2 F.3d 697, 701 (6th Cir. 1993). Thus, to state a Sec. 1983 claim that he was subjected to a malicious and sadistic attack in violation of the Eighth Amendment, Calabria must allege wrongdoing that reasonably and plausibly amounts to more than a de minimis use of force.
 
 
 8
 The conduct presented here-a single blow caused by a thrown object and resulting only in a bloody lip-was clearly de minimis for Eighth Amendment purposes, and Calabria's complaint was properly dismissed as legally deficient. See, e.g., Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993) (spraying with fire extinguisher); Olson v. Coleman, 804 F. Supp. 148, 150 (D. Kan. 1992), aff'd, 1993 U.S. App. Lexis 10086 (10th Cir. 1993) (single blow to head while handcuffed); Gabai v. Jacoby, 800 F. Supp. 1149, 1154-55 (S.D.N.Y. 1992) (shoved into chair); Candelaria v. Coughlin, 787 F. Supp. 368, 374-75 (S.D.N.Y.), aff'd, 979 F.2d 845 (2d Cir 1992) (fist pushed against neck); see also Risdal v. Martin, 810 F. Supp. 1049, 1056 & n. 12 (S.D. Iowa 1993); cf. Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992) (putting gun to inmate's head could be malicious and sadistic precluding dismissal for failure to state a claim). Nor can we say that there is any "meaningful indication" that further pleading at this stage would make any "dispositive difference." Dartmouth Review v. Dartmouth College, 889 F.2d 13, 23 (1st Cir. 1989).
 
 IV
 
 9
 As a final matter, Calabria complains that the district court erroneously removed a default judgment entered against the defendants and permitted the late filing of an answer. However, Calabria's motion for default was filed three weeks after service on the defendants, the default entered twelve days later, and defendants moved to remove the default two weeks later, less than seven weeks from service of the complaint. Under these circumstances, the district court acted well within its discretion in allowing relief from the default order. Cf., e.g., Clinkscales v. Chevron U.S.A., 831 F.2d 1565, 1569 (11th Cir. 1987) (six month delay in filing reply brief inexcusable).
 
 
 10
 The judgment of the district court is affirmed.