**Harold HOBBS, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Corrections, Defendant.**

**CO–I Robinson, Maximum Security Unit; CO–I Tate, Maximum Security Unit, Appellees.**

**No. 93–2095.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1993.

Decided Feb. 3, 1995.

Howard B. Eisenberg and Lynn Foster, Little Rock, AR, argued, for appellant.

David B. Eberhard, Little Rock, AR, argued, for appellee.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

McMILLIAN, Circuit Judge.

Harold X. Hobbs, a prisoner in the custody of the Arkansas Department of Corrections, appeals from a final order entered in the District Court for the Eastern District of Arkansas dismissing his pro se 42 U.S.C. § 1983 complaint against corrections officers Lee Robinson and Vincent Tate. For reversal plaintiff argues (1) the evidentiary hearing conducted by the magistrate judge exceeded the scope of the magistrate judge's authority and violated his seventh amendment right to a jury trial and (2) even if the evidentiary hearing was procedurally correct, the district court failed to conduct the required de novo review. For the reasons discussed below, we reverse and remand the case for further proceedings consistent with this opinion.

On June 14, 1991, corrections officer Michael Hammel was escorting plaintiff to work from his cell. Plaintiff was in administrative segregation, which means that, according to prison security policy, he was strip-searched and handcuffed before leaving his cell. He was also on "single man status," which means that, according to prison security policy, no other prisoner was to be on the floor when he was being moved. Prisoner Terry Proctor was also in administrative segregation and on single man status. Defendant Robinson was working in the control room. Upon directions from defendant Tate, who was

standing in the corridor, Robinson released the door lock of Proctor's cell, even though plaintiff was at that time outside of his cell. Proctor rushed out of his cell, armed with a homemade knife, and chased plaintiff. Plaintiff escaped from Proctor by running through and behind a security door which had been opened by an alert Hammel. Plaintiff went to work but later suffered chest pains and emotional distress; he was taken to the prison infirmary and was examined by medical personnel. It is not disputed that Proctor intended to kill plaintiff.

In August 1991 plaintiff filed this civil rights action alleging Robinson and Tate acted with deliberate indifference to or in reckless disregard of his right to be free from violent attacks by other inmates, in violation of the eighth amendment, as made applicable to the states by the due process clause of the fourteenth amendment. Plaintiff also alleged that A.L. Lockhart, the director of the department of corrections, refused to transfer him. Plaintiff alleged that, as a result of this attack, he suffered chest pains, severe emotional distress and nightmares and constantly fears for his safety. He sought injunctive relief and compensatory and punitive damages. He also requested a jury trial and leave to proceed in forma pauperis under 28 U.S.C. § 1915.

The case was referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(B). The magistrate judge granted leave to proceed in forma pauperis and for issuance and service of process. Plaintiff also filed a motion for appointment of counsel. Defendants then filed a motion to dismiss for failure to state a claim. Plaintiff filed objections to the motion to dismiss and a request for production of documents. Defendants filed a motion for a protective order. The magistrate judge recommended granting the motion to dismiss as to all defendants. Plaintiff filed written objections. The district court adopted the magistrate judge's recommendation in part, dismissed the claim against Lockhart but not the claims against Robinson and Tate, and referred the case back to the magistrate judge.

Plaintiff renewed his motion for appointment of counsel and for production of docu-

ments. The magistrate judge denied the motions and scheduled the case for a "prejury" hearing. The order specifically cited *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and directed plaintiff to file a witness list, motion for issuance of subpoenas and summaries of the witnesses' proposed testimony. Neither Robinson nor Tate had filed any responsive pleading or motion. The hearing was held on October 29, 1992; the magistrate judge presided; plaintiff represented himself; defendants Robinson and Tate were represented by counsel. Hammel, Robinson, Tate, prisoner David Fain, and plaintiff testified and were subject to cross-examination. The hearing was tape-recorded but was evidently not transcribed.

In his proposed findings and recommendation, the magistrate judge stated plaintiff's allegations, summarized the testimony of the witnesses, and reviewed the standard of liability for prisoner safety claims. *Hobbs v. Lockhart*, No. PB–C–91–431, slip op. at 1–6 (E.D.Ark. Mar. 25, 1993) (proposed findings and recommendation). The magistrate judge noted that because plaintiff had requested a jury trial, he "must assume as true all facts supporting plaintiff's claim which the evidence tended to prove and give the plaintiff the benefit of all reasonable inferences" and that "[t]he ultimate question is whether a reasonable jury could find for the plaintiff." *Id.* at 6. The magistrate judge found that plaintiff had suffered "chest pain of a nonserious nature" and nightmares and is in constant fear of attacks but that he has not required further medical treatment for these symptoms. *Id.* at 7. The magistrate judge thus concluded that plaintiff had failed to establish an eighth amendment violation as a matter of law because his injury was not substantial and because the attack was spontaneous and isolated. *Id.* at 7–8.

Plaintiff filed objections and specifically renewed his request for a jury trial. "After careful review of [the magistrate judge's proposed] findings and recommendations, the timely objections received thereto, and the testimony and exhibits presented to the magistrate judge," the district court adopted the recommendation of the magistrate judge and

dismissed the complaint with prejudice. This timely appeal followed.

During oral arguments on appeal, the court asked counsel about the tape of the evidentiary hearing. Defense counsel later provided the court with a copy of the tape and related documents. Plaintiff has filed a motion to strike the tape and the related documents.

## EVIDENTIARY HEARING

Plaintiff first argues the evidentiary hearing conducted by the magistrate judge exceeded the scope of the magistrate judge's authority under 28 U.S.C. § 636(b)(1)(B) and the Federal Rules of Civil Procedure and violated his seventh amendment right to a jury trial. Plaintiff argues the hearing was in effect a bench trial. Defendants argue that the evidentiary hearing conducted here is precisely the kind of proceeding that magistrate judges are authorized to conduct under 28 U.S.C. § 636(b)(1)(B) and Fed. R.Civ.P. 72(b) in prisoner petitions challenging conditions of confinement. Defendants argue that the evidentiary hearing afforded plaintiff the opportunity to demonstrate why his claims should not be dismissed as frivolous, for failure to state a claim or as a matter of law, whether pursuant to a motion for directed verdict or a motion for summary judgment.

Under 28 U.S.C. § 636(b)(1) and Fed. R.Civ.P. 72(b), when considering prisoner petitions challenging conditions of confinement, magistrate judges are authorized to conduct hearings, including evidentiary hearings, and to submit to the district court proposed findings of fact and conclusions of law and recommendations for the disposition of the case. The propriety of the same type of evidentiary hearing and other similar hearings conducted by magistrate judges in prisoner cases challenging conditions of confinement has been litigated in this circuit. *See, e.g., Johnson v. Bi–State Justice Center,* 12 F.3d 133 (8th Cir.1993) (Western District of Arkansas) (same type of hearing); *Pettengill v. Veasey,* 983 F.2d 130 (8th Cir.1993) (Eastern District of Arkansas) (same type of hearing); *Henson v. Falls,* 912 F.2d 977 (8th Cir.1990) (Eastern District of Arkansas) (same type of hearing); *cf. Hamm v. Groose,* 15 F.3d 110 (8th Cir.

1994) (Western District of Missouri) (disapproving independent investigation-type hearing conducted by magistrate judge); *Gentile v. Missouri Dep't of Corrections & Human Resources,* 986 F.2d 214 (8th Cir.1993) (*Gentile*) (disapproving independent investigation-type hearing). The question is whether the evidentiary hearing conducted in the present case was an authorized evidentiary hearing or some other kind of proceeding, for example, a bench trial, even though a jury trial had been demanded.

First, we hold that the evidentiary hearing conducted in the present case was not a *Spears v. McCotter*-type hearing to determine whether to dismiss the claim as frivolous under 28 U.S.C. § 1915(d). The timing of the evidentiary hearing conducted in the present case was not consistent with a 28 U.S.C. § 1915(d) hearing. "Whether leave to proceed *in forma pauperis* should be granted is to be decided initially on the basis of the complaint, before issuance and service of process." *Gentile,* 986 F.2d at 217. Here, the decision on in forma pauperis status had already been made and process had been issued and served. *See Carney v. Houston,* 33 F.3d 893, 895 (8th Cir.1994) (determining whether a complaint is frivolous or malicious precedes decision whether to grant in forma pauperis status and whether to order issuance and service of process). Had the magistrate judge decided later that the complaint was frivolous or malicious, the magistrate judge could have revoked in forma pauperis status and dismissed the complaint under 28 U.S.C. § 1915(d). However, the magistrate judge did not recommend revoking in forma pauperis status or dismissal of the complaint as frivolous.

Nor was the evidentiary hearing conducted in the present case a hearing on the motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Again, the timing of the evidentiary hearing was not consistent with a hearing on the motion to dismiss. The decision on the motion to dismiss had already been made. The magistrate judge had recommended dismissal of all claims and the district court had adopted the recommendation with respect to Lockhart but not Robinson and Tate.

■ Nor was the evidentiary hearing conducted in the present case a hearing on a motion for summary judgment. As noted above, no motion for summary judgment had been filed in the present case. Although a federal district court may grant summary judgment pursuant to Fed.R.Civ.P. 56, sua sponte, the party against whom judgment will be entered must be given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted. *Hubbard v. Parker,* 994 F.2d 529, 531 (8th Cir.1993). The scheduling order in the present case cited *Spears v. McCotter,* stated the time and place of the hearing, and directed plaintiff to file a witness list and a summary of the proposed testimony of each witness. The order scheduling the hearing was not sufficient to apprise the parties of the magistrate judge's intention to grant summary judgment if plaintiff failed to adequately oppose such action. The citation to *Spears v. McCotter* was not adequate notice to plaintiff of the potential for summary judgment. Such a citation would have indicated only that the magistrate judge intended to determine whether the claims were frivolous, an issue which, as noted above, had already been resolved in plaintiff's favor.

■ Here, plaintiff requested a jury trial. He had been granted leave to proceed in forma pauperis and process had been issued and served. Defense motions to dismiss for failure to state a claim had been denied with respect to defendants Robinson and Tate. As noted above, this was not a suitable case for summary judgment.

The evidentiary hearing conducted in the present case was in the nature of a hearing on a motion for directed verdict or, more precisely, a motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a). This characterization is consistent with the legal analysis and case law cited in the magistrate judge's proposed findings of fact and recommendation.

> We have approved the use of a pretrial evidentiary hearing to determine whether a pro se inmate's nonfrivolous § 1983 damage claims warrant a jury trial. However, we have stressed that such a hearing must be consistent with the plaintiff's right to a jury trial. Therefore, if only the plaintiff presents evidence, the standard is whether his [or her] case would survive a Fed. R.Civ.P. 50(a) motion for judgment as a matter of law at trial (the former motion for directed verdict). Even if both sides present evidence, so that the procedure resembles a summary judgment motion with live evidence, the standard remains the same—"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Johnson v. Bi–State Justice Center,* 12 F.3d at 135–36 (citations omitted); *see Pettengill v. Veasey,* 983 F.2d at 132–33; *Henson v. Falls,* 912 F.2d at 979 (expressly noting this process should be used "cautiously"). Although we have approved the use of this process, which does not conform to the Federal Rules of Civil Procedure, we repeat our admonition that it must be used cautiously and advise that, at least in the view of this panel, the better practice would be to abandon its use entirely.

We have listened to the tape of the evidentiary hearing. We conclude that the magistrate judge erred in granting what was in effect a directed verdict in favor of defendants and thus denied plaintiff his seventh amendment right to a jury trial. Plaintiff asserted that defendants knowingly or recklessly failed to follow applicable prison security policies and as a result exposed him to violent attack by a fellow inmate. He and other witnesses testified in support of his claims. Defendants testified and admitted that unlocking Proctor's cell door was a careless mistake but denied acting intentionally or recklessly. Which version of the incident was more credible was a question that should have gone to the jury and been answered by the jury.

Even if there is very strong evidence to support a judgment against the prisoner, when questions of fact are involved, our longstanding commitment to preserving a litigant's right to a jury trial dictates that

the decision be rendered based on a jury's consensus rather than on only one mind. *Henson v. Falls*, 912 F.2d at 979.

■ Defendants finally argue that any procedural irregularity was harmless because plaintiff failed to establish an eighth amendment violation. Defendants argue the magistrate judge found that plaintiff suffered no substantial injury (his chest pains were treated with over-the-counter pain medication; his nightmares and anxiety have not required further medical treatment) and the attack was "spontaneous and isolated." We disagree. We cannot conclude that plaintiff's emotional distress was not an injury serious enough to be constitutionally cognizable. *See Hudson v. McMillian*, 503 U.S. 1, 15–17, 112 S.Ct. 995, 1004, 117 L.Ed.2d 156 (1992) (Blackmun, J., concurring) (" 'Pain' in its ordinary meaning surely includes a notion of psychological harm."). Whether the attack was spontaneous and isolated was not fatal to plaintiff's claim that defendants acted with deliberate indifference to or in reckless disregard of his right to be free from violent attacks by other inmates. The issue was whether plaintiff faced a pervasive risk of harm (and whether defendants failed to reasonably respond to that risk). Here, the fact that plaintiff and Proctor were in administrative segregation on single man status indicated that there was a greater risk that either they would violently assault other inmates or other inmates would assault them.

DE NOVO REVIEW

In light of our disposition of the first issue, we do not reach the second issue, whether the district court conducted the required de novo review. The district court did not expressly indicate in its order adopting the proposed findings and recommendation of the magistrate judge that it had made a de novo determination but only that it reviewed the testimony and the exhibits. However, we would be inclined to read the reference to reviewing the testimony to mean that the district court did in fact listen to the tape of the evidentiary hearing (since no transcript of the evidentiary hearing was available) and thus did conduct the required de novo review. *See Henson v. Falls*, 912 F.2d at 979

(tape recording), *citing Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir.1989) (when de novo review is required, district court must consider actual testimony, not merely review recommended disposition).

Accordingly, we reverse and remand the case for further proceedings consistent with this opinion. Plaintiff's motion to strike the tape of the evidentiary hearing and the related documents is denied.