———————————

No. 94-4054EA

———————————

Danny L. Ball;                            *
                                          *
        Plaintiff-Appellant,              *
                                          *
John L. Grigsby,                          *
                                          *
        Plaintiff,                        *
                                          *
    v.                                    *
                                          *
Larry Norris, Director,                   *
Arkansas Department of                    *    Appeal from the United States
Correction; PHP Healthcare,               *    District Court for the Eastern
Inc.; Dr. Jackie Wade,                    *    District of Arkansas.
Diagnostic Unit, Arkansas                 *
Department of Correction; Dr.             *    [UNPUBLISHED]
Jay Owens, Cummins Unit,                  *
Arkansas Department of                    *
Correction; Delois Ford, Unit            *
Nurse, Originally sued as "Mrs.           *
Ford"; Sue Guirl, Warden; Lt.             *
Roger Ferrell, Mississippi                *
County Work Release Center,               *
Arkansas Department of                    *
Correction,                               *
                                          *
        Defendants-Appellees.             *

                        ———————————

                Submitted:  May 16, 1996

                Filed:  June 21, 1996
                        ———————————

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                        ———————————


PER CURIAM.


     Danny L. Ball appeals the dismissal of Ball's 42 U.S.C. § 9183
action.  Having reviewed de novo the evidence presented at a pretrial
evidentiary hearing to determine whether Ball's case would survive a motion
for judgment as a matter of law, see Hobbs v.

<u>Lockhart</u>, 46 F.3d 864, 868 (8th Cir. 1995), we conclude Ball's evidence did not establish a jury question on his claim that defendants acted with deliberate indifference to Ball's serious dental needs when they delayed sending him to an oral surgeon. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). We affirm.

Ball failed to show any personal involvement on the part of the Arkansas Department of Correction employees, PHP Healthcare, Inc. (PHP), and PHP Nurse Delois Ford in denying or delaying his dental treatment. Ball cannot predicate his Eighth Amendment claims against these defendants on a risk of harm of which they were unaware or on a respondent superior theory. <u>See</u> <u>Farmer v. Brennan</u>, 114 S. Ct. 1970, 1979 (1994); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985).

Ball's testimony established that he saw PHP Dentist Jackie Wade for tooth pain only once. Wade prescribed penicillin for two abscesses, and Ball did not seek dental treatment again until several months later. At that time, PHP Dentist Jay Owens told Ball he had two abscesses and an impacted wisdom tooth, prescribed penicillin and pain relievers, and at some point referred Ball to an outside oral surgeon who removed six of Ball's teeth. Ball produced no evidence that Wade or Owens intentionally delayed Ball's treatment or his referral to a specialist. <u>See</u> <u>Estelle</u>, 429 U.S. at 104-05. The only damage Ball attributed to the delay in his dental surgery was pain, and Ball's testimony showed his pain relief was compromised because he shared his pain medication with another inmate. Further, at oral argument, Ball's counsel made clear that Ball would have been pain free if he had taken all of his pain medication. Thus, Ball failed to show he suffered any detrimental effects from the delay in dental treatment. <u>See</u> <u>Beyerbach v. Sears</u>, 49 F.3d 1324, 1326-27 (8th Cir. 1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.