_____

No. 94-4054EA
_____

Danny L. Ball;                        *
                                      *
        Plaintiff-Appellant,          *
                                      *
John L. Grigsby,                      *
                                      *
        Plaintiff,                    *
                                      *
     v.                               *
                                      *
Larry Norris, Director,               *
Arkansas Department of                *   Appeal from the United States
Correction; PHP Healthcare,           *   District Court for the Eastern
Inc.; Dr. Jackie Wade,                *   District of Arkansas.
Diagnostic Unit, Arkansas             *
Department of Correction; Dr.         *   [UNPUBLISHED]
Jay Owens, Cummins Unit,              *
Arkansas Department of                *
Correction; Delois Ford, Unit         *
Nurse, Originally sued as "Mrs.       *
Ford"; Sue Guirl, Warden; Lt.         *
Roger Ferrell, Mississippi            *
County Work Release Center,           *
Arkansas Department of                *
Correction,                           *
                                      *
        Defendants-Appellees.         *
                                _____

                    Submitted:  May 16, 1996

                     Filed:  July 1, 1996
                                _____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                                _____

PER CURIAM.

     Danny L. Ball appeals the dismissal of his 42 U.S.C. § 1983 action.
Having reviewed de novo the evidence presented at a pretrial evidentiary
hearing to determine whether Ball's case would survive a motion for
judgment as a matter of law, see Hobbs v.

_Lockhart_, 46 F.3d 864, 868 (8th Cir. 1995), we conclude Ball's evidence did not establish a jury question on his claim the defendants acted with deliberate indifference to Ball's serious medical needs when they delayed sending him to an oral surgeon.  See _Estelle v. Gamble_, 429 U.S. 97, 106 (1976).

Ball failed to show any personal involvement on the part of the Arkansas Department of Correction employees, PHP Healthcare, Inc. (PHP), and PHP Nurse Delois Ford in denying or delaying his medical treatment. Ball cannot predicate his Eighth Amendment claim against these defendants on a risk of harm of which they were unaware or on a respondent superior theory.  _Boyd v. Knox_, 47 F.3d 966, 968-69 (8th Cir. 1995).

Ball's testimony established he saw PHP Dentist Jackie Wade for tooth pain only once.  Wade prescribed penicillin for two abscesses, and Ball did not seek treatment again until several months later.  At that time, PHP Dentist Jay Owens told Ball he had two abscesses and an impacted wisdom tooth, prescribed penicillin and pain relievers, and ultimately referred Ball to an outside oral surgeon who removed six of Ball's teeth.  Ball produced no evidence that Wade or Owens intentionally delayed Ball's treatment or his referral to a specialist.  _See_ _Estelle_, 429 U.S. at 104-05.  The only damage Ball attributed to the delay in his dental surgery was pain, and Ball's testimony showed his pain relief was compromised because he shared his pain medication with another inmate.  Further, at oral argument, Ball's counsel conceded that Ball would have been pain free if he had taken all of his pain medication.  Thus, Ball's Eighth Amendment claim fails because Ball did not suffer any detrimental effects from the delay in medical treatment.  _See_ _Beyerbach v. Sears_, 49 F.3d 1324, 1326-27 (8th Cir. 1995).

We affirm.

-2-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.