105 F.3d 662
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Walter A. MCCULLOUGH, Appellant,
v.
Bobby E. WILSON, CO-I, Assistant Mail Supervisor, East
Arkansas Regional Unit, Arkansas Department of
Correction. Appellee.
 No. 96-2620.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 7, 1997.
Decided Jan. 13, 1997.
 
 Appeal from the United States District Court for the Eastern District of Arkansas.
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Walter A. McCullough, an Arkansas prisoner, appeals the district court's[1] grant of summary judgment to Bobby E. Wilson in this action under 42 U.S.C. § 1983, following an evidentiary hearing conducted by the magistrate judge.[2] We affirm.
 
 
 2
 McCullough filed this action against Wilson, who is an assistant mail supervisor at the East Arkansas Regional Unit of the Arkansas Department of Correction, alleging that Wilson denied his access to the courts. Specifically, McCullough alleged that Wilson failed to mail a "motion for a ruling" addressed to the Arkansas Supreme Court which McCullough had properly processed and placed in the prison mail. In the motion, McCullough had requested that the circuit court be required to rule on a postconviction motion which had been pending for a number of months. The motion was not received by the Arkansas Supreme Court. The circuit court ruled on the postconviction motion on the same day that McCullough had attempted to mail the motion for a ruling.
 
 
 3
 Following an evidentiary hearing at which McCullough testified,[3] the magistrate judge concluded that McCullough's claim failed as a matter of law because he had not demonstrated prejudice, an essential element of his case. The district court agreed and granted summary judgment to Wilson.
 
 
 4
 On appeal, McCullough asserts that the district court erred in granting summary judgment, thereby circumventing his right to a jury trial; that there remains a genuine issue of material fact as to whether his access to the courts was obstructed; that he has the right to unobstructed access to the courts even if he cannot demonstrate prejudice; and that his rights were violated in a prior federal lawsuit because the defendant in the prior suit waited until trial to tell him that Wilson, and not the prior defendant, had been on duty on the day in question. McCullough also appears to assert that the magistrate judge erred in denying his request for counsel.
 
 
 5
 McCullough's allegations, accepted as true, are insufficient as a matter of law to support a section 1983 denial-of-access claim; thus, we conclude that Wilson must prevail as a matter of law. Hobbs v. Lockhart, 46 F.3d 864, 868 (8th Cir.1995). Specifically, McCullough cannot demonstrate prejudice because the relief he had requested in the state court--a ruling on his postconviction motion--was granted on the same day that he had delivered the motion for a ruling to Wilson. See Sterling v. Wood, 68 F.3d 1124, 1126 (8th Cir.1995) (successful claim of denial of meaningful access to courts requires showing of prejudice). McCullough's suggestion that the Arkansas Supreme Court could have found that the circuit court was in "double default" and would have simply granted relief by releasing him or reducing his sentence is speculative and without any factual or legal basis. See Jones v. James, 38 F.3d 943, 945 (8th Cir.1994) (prisoner's "vague, wishful, and speculative testimony relating to the 'harm' that has befallen him simply does not amount to a showing of prejudice").
 
 
 6
 To the extent that McCullough challenges the magistrate judge's denial of counsel, we conclude that the magistrate judge did not abuse his discretion in denying McCullough's motion for appointment of counsel. See Swope v. Cameron, 73 F.3d 850, 851-52 (8th Cir.1996) (standard of review). McCullough's claims regarding another defendant in a previous lawsuit are not properly before this Court.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [3]
 This Circuit has approved the use of pre-jury evidentiary hearings like that conducted here, where the hearing is consistent with the plaintiff's right to a jury trial and used cautiously. See Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135 (8th Cir.1993); but see Hobbs v. Lockhart, 46 F.3d 864, 868 (8th Cir.1995) (acknowledging that Circuit has approved use of procedure, but suggesting that "the better practice would be to abandon its use entirely")