United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1596
_____

Kevin L. DeFries,                          *
                                           *
              Appellant,                   *
                                           *   Appeal from the United States
       v.                                  *   District Court for the
                                           *   Eastern District of Arkansas
Greene County, Arkansas; James             *
Danley, Sheriff of Greene County;          *      [UNPUBLISHED]
Bob Ward, Jail Administrator, Greene       *
County Jail; John Does, Employees of       *
Greene County Jail,                        *
                                           *
              Appellees.                   *

_____

Submitted:  December 3, 1997
    Filed:  December 30, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Kevin L. DeFries appeals from the final order of the United States District Court[1] for the Eastern District of Arkansas dismissing his complaint, following a hearing, in

_____

[1]The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

this 42 U.S.C. § 1983 action alleging Eighth and Fourteenth Amendment violations. For the reasons discussed below, we affirm.

DeFries alleged that while he was incarcerated at the Greene County jail, defendants denied him proper and timely medical treatment in deliberate indifference to his serious medical needs, and inmates passed out prescription drugs in violation of jail policy. Apparently unaware that DeFries had filed a timely jury demand, the magistrate judge conducted two evidentiary hearings, and thereafter recommended dismissal of the complaint. The district court conducted de novo review and adopted the magistrate judge's report and recommendation.

Despite the overlooked jury demand, we affirm the judgment of the district court because, construing the hearings as pre-trial evidentiary hearings, we conclude that defendants were entitled to judgment as a matter of law. See Hobbs v. Lockhart, 46 F.3d 864, 868 (8th Cir. 1995) (cautious approval of pre-trial evidentiary hearing; standard to be applied). Even avoiding all credibility determinations and believing DeFries's evidence, we conclude that he did not establish that any delay in receiving medication resulted in objectively serious harm. See Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997) (objective evidence of harm caused by delay required to establish deliberate indifference). DeFries's contention that he was prescribed the wrong medication and should have seen a psychiatrist constitutes a mere disagreement with treatment, and is not actionable. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). In addition, we agree with the district court that any violation of the jail policy prohibiting distribution of medication by inmates does not amount to a constitutional violation. See Meis v. Gunter, 906 F.2d 364, 369 (8th Cir. 1990), cert. denied, 498 U.S. 1028 (1991).

Finally, DeFries's other arguments on appeal are without merit.

Accordingly, we affirm the judgment of the district court. DeFries's motion to amend his brief is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.