# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-3539

_____

Jeffrey E. Samuels,             *
                                   *
             Appellant,         *
                                   *    Appeal from the United States
      v.                            *    District Court for the
                                   *    Western District of Missouri.
Regina Hawkins; Jackie Robinson;    *
Mark Boucher; James McCoy; Charles   *        [PUBLISHED]
Megerman,                       *
                                   *
            Appellees.        *

_____

Submitted: April 6, 1998
Filed: September 22, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

PER CURIAM.

Jeffrey E. Samuels appeals from the adverse grant of summary judgment by the District Court[1] in Mr. Samuels's 42 U.S.C. § 1983 action alleging constitutional violations against employees of the Jackson County Detention Center in Kansas City. Having carefully considered the record in this case, we affirm without discussion the

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

judgment of the District Court as to Mr. Samuels's claims against Captain Jackie Robinson, Officer Mark Boucher, Manager of Detention James McCoy, and Director Charles Megerman. See 8th Cir. R. 47B.

We also affirm as to Officer Regina Hawkins, against whom plaintiff asserts an Eighth Amendment claim. Plaintiff, who at the time of the incident in question was serving a life sentence for first-degree murder and armed criminal action, was incarcerated at the Jackson County Detention Center awaiting transfer to the Missouri Department of Corrections. On May 24, 1994, Officer Hawkins reported that while she was making her regular rounds plaintiff threw a cup of liquid (which she identified as urine) on her. As a result of Officer Hawkins's report, plaintiff was placed in restraints for a period of approximately four hours. During that time, Officer Hawkins approached plaintiff's cell and threw a cup of liquid (she says it was a cup of water) into the cell. Plaintiff claims that some of the liquid splashed into his eyes and caused damage. Though plaintiff was examined by the medical staff, no evidence of any damage of any kind was discovered. For her part, Officer Hawkins was counseled on controlling her anger and a formal letter of reprimand was placed in her file. The foregoing facts are the basis for plaintiff's cruel-and-unusual punishment claim against Officer Hawkins.

When "prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Here, however, there is no evidence from which a reasonable jury could conclude that Officer Hawkins acted maliciously and sadistically toward plaintiff. Plainly, her response to plaintiff's provocative actions, which were aggravated by the harassing remarks of other inmates, was unprofessional and inappropriate. But to say that throwing a cup of water (and there is no evidence the substance was anything but water) at plaintiff was, in the circumstances of this case, malicious and sadistic would be an Orwellian distortion of the meaning of those terms. In addition, if one can say that Officer Hawkins used any force at all against plaintiff, it was de minimis in

amount, and not of a sort "'repugnant to the conscience of mankind.'"  <u>Hudson</u>, 503 U.S. at 9 (citing <u>Whitley v. Albers</u>, 475 U.S. 312, 327 (1986)).  Finally, despite plaintiff's elaborate claims of serious injury to his eyes, when plaintiff was examined by the medical staff shortly after the incident they found nothing wrong with his eyes.  There being no evidence of any actual injury caused by the water that Officer Hawkins threw into plaintiff's cell, we conclude that the injury, if any, cannot be regarded as more than <u>de</u> <u>minimis</u>.

For the reasons stated, the order of the District Court granting summary judgment in favor of Officer Hawkins is, like the summary judgment in favor of the other defendants, affirmed.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring and dissenting.

I concur in the affirmance of the district court's judgment as to Mr. Samuels's claims against Captain Jackie Robinson, Officer Mark Boucher, Manager of Detention James McCoy, and Director Charles Megerman.

As to Mr. Samuels's Eighth Amendment claim against Officer Regina Hawkins, however, I respectfully dissent.

Although the facts are contested, I recount them most favorably to Mr. Samuels, the non-moving party.  <u>See</u> <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1237 (8th Cir. 1997).  On the evening of May 24, 1994, Officer Hawkins reported that Mr. Samuels, then a Jackson County Detention Center (JCDC) inmate, had thrown urine on her, and Mr. Samuels was placed in restraints.  He was shackled to his cell bed on his back, and his arms and hands were chained and handcuffed at his sides.

Four hours later, Officer Hawkins was admitted to the module in which Mr. Samuels was housed.  Officer Hawkins went directly to the open doorway of Mr.

Samuels's cell. With her hands behind her back, she asked Mr. Samuels whether he was serving a life sentence; stated, "I'm gonna make sure you never see, again!"; and brought a cup out from behind her back and threw a clear liquid at Mr. Samuels, which caused him to experience a slight burning sensation in his eyes and on his face. Because of his restraints, Mr. Samuels was unable to avoid the liquid or shield his face. Officer Hawkins then ran from the area. Other inmates, hearing Mr. Samuels yell that Officer Hawkins had thrown a liquid on him that seemed to be burning his face, called for help. Mr. Samuels was examined by a JCDC nurse, who found his vision was intact, but told him to apply cold compresses to his eyes.

After the occurrence, Mr. Samuels experienced sleeplessness, nightmares, flashbacks, extreme stress, paranoia, and vision problems, and doctors diagnosed him with "reactive anxiety" and "post-traumatic stress disorder." He was prescribed anti-depressant and anti-anxiety medications.

The unnecessary and wanton infliction of pain is cruel and unusual punishment forbidden by the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 5 (1992). Where an inmate's Eighth Amendment claim is based on excessive force, the "core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." See id. at 6-7. Considerations relevant to this determination include the threat prison officials reasonably perceived, the need for force, the efforts made to minimize the force used, the relationship between the need for using force and the amount of force used, and the degree of injury inflicted. See id. at 7; McLaurin v. Prater, 30 F.3d 982, 984 (8th Cir. 1994).

Based on the Hudson considerations, I conclude that Mr. Samuels offered sufficient evidence that Officer Hawkins's conduct was malicious and sadistic to survive summary judgment. Because Mr. Samuels was fully restrained and posed no threat to anyone, no force was necessary. His subsequent symptoms and psychiatric

-4-

treatment demonstrated a cognizable injury under the circumstances of this case. <u>Cf. Hobbs v. Lockhart</u>, 46 F.3d 864, 869 (8th Cir. 1995) (inmate's emotional distress was sufficiently serious to support Eighth Amendment failure-to-protect claim; citing <u>Hudson</u>, 503 U.S. at 16 (Blackmun, J., concurring) ("'[p]ain' in its ordinary meaning surely includes a notion of psychological harm")).

I disagree with the district court's statement that Officer Hawkins cannot be liable because "de minimis" force was employed. "De minimis" uses of force are not excluded from the Eighth Amendment's prohibition against cruel and unusual punishment where the use of force is of a sort "repugnant to the conscience of mankind." <u>Hudson</u>, 503 U.S. at 10 (quotation marks and quoted cases omitted). Here, viewing the evidence favorably to Mr. Samuels, Officer Hawkins intentionally and with premeditation approached Mr. Samuels while he was on his back and fully restrained to the bed by chains and handcuffs, reminded him of his life sentence, threatened him with permanent blindness, while throwing a stinging liquid into his eyes, and then ran from the area without providing any aid. I believe that such conduct, when examined in its totality, would have placed Mr. Samuels, who was helpless to assist himself, in reasonable and immediate fear of permanent blindness, and I conclude that such conduct is "repugnant to the conscience of mankind."

Consequently, I would reverse the judgment entered in favor of Officer Hawkins and remand that claim to the district court for further proceedings. I would affirm the judgment of the district court in all other respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-