# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1127
_____

Austin J. Webster,

*Plaintiff - Appellant,*

v.

Saint Louis County; Tamara S. Lemke, Program Facilitator, in her individual and official capacities,

*Defendants - Appellees.*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 22, 2024
Filed: April 24, 2025
_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.
_____

COLLOTON, Chief Judge.

Austin Webster, a pre-trial detainee, sued Tamara Lemke under 42 U.S.C. § 1983, alleging that she used excessive force against him in violation of the Fourteenth Amendment. Webster alleged that Lemke hit him in the face with a

volleyball and caused bruising. The district court[*] dismissed the complaint for failure to state a claim and concluded alternatively that Lemke was entitled to qualified immunity. Webster appeals, and we affirm.

Webster was detained awaiting trial in the St. Louis County Jail. On March 5, 2021, he was in the recreation room preparing to play volleyball. As he waited for the activity to begin, Webster talked to another detainee. Lemke, a program facilitator at the jail, noticed Webster talking, yelled at him to "shut up," and threw a volleyball at Webster's head. The ball struck Webster in the face and caused bruising. Webster visited the jail nurse and received over-the-counter pain medication.

Webster sued Lemke, alleging an excessive use of force in violation of the Due Process Clause of the Fourteenth Amendment. The district court concluded that Webster failed to state a claim on which relief could be granted, because he did not allege that Lemke used greater-than-*de minimis* force. In the alternative, the district court concluded that Lemke was entitled to qualified immunity because her action did not violate a clearly established right. Webster also sued Lemke and St. Louis County for alleged battery under Minnesota common law, but the district court declined to exercise supplemental jurisdiction over those claims and dismissed them without prejudice. We review the district court's ruling on the § 1983 claim *de novo*. *LeMay v. Mays*, 18 F.4th 283, 286 (8th Cir. 2021).

A government official is entitled to qualified immunity from suit unless the official's conduct violated a clearly established right of which a reasonable official would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome a claim of qualified immunity at the pleading stage, a plaintiff must allege facts

---

[*]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

plausibly showing (1) that the official violated a statutory or constitutional right and (2) that the right was clearly established at the time of the challenged conduct. *LeMay*, 18 F.4th at 287.

The Due Process Clause of the Fourteenth Amendment constrains the use of force against a pretrial detainee. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). A violation occurs if an official purposely or knowingly uses force against a detainee and the use of force is objectively unreasonable. *Id.* at 396-97. A use of force is reasonable if it is rationally related to a legitimate, nonpunitive governmental purpose and does not appear excessive in relation to that purpose. *Id.* at 398. Objective reasonableness turns on the facts and circumstances of each particular case. *Id.* at 397.

As a threshold matter, however, a plaintiff must allege that the official used more than a *de minimis* amount of force or that the use of force was repugnant to the conscience of mankind. *Jackson v. Buckman*, 756 F.3d 1060, 1067-68 (8th Cir. 2014); *cf. Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). There is "a *de minimis* level of imposition with which the Constitution is not concerned," *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979) (internal quotation omitted), so "a *de minimis* quantum of force is not actionable under the Due Process Clause." *Jackson*, 756 F.3d at 1067; *see Westwater v. Church*, 60 F.4th 1124, 1129 (8th Cir. 2023). Webster does not argue that Lemke's action was "repugnant to the conscience of mankind."

Assuming, without deciding, that Webster adequately alleged that Lemke's conduct violated a constitutional right, Lemke is entitled to qualified immunity if the right was not clearly established. To defeat a claim of qualified immunity, Webster must show that it would have been clear to every reasonable officer that the force involved in tossing a volleyball at a detainee in a manner sufficient to cause bruising was more than *de minimis*.

To show a clearly established right, a plaintiff generally must identify a case where an official acting under similar circumstances was found to have violated the right in question. *District of Columbia v. Wesby*, 583 U.S. 48, 64 (2018); *Boudoin v. Harsson*, 962 F.3d 1034, 1039 (8th Cir. 2020). The plaintiff may point to existing circuit precedent that squarely governs the official's conduct, a robust consensus of persuasive authority on the issue, or a general constitutional rule that applies with obvious clarity to the facts at issue. *Boudoin*, 962 F.3d at 1040.

We conclude that Lemke did not violate a clearly established right. The law did not clearly establish that Lemke's act of throwing a volleyball was a greater-than-*de minimis* use of force that would give rise to a violation of the Constitution. Our precedent established that more substantial uses of force—tasing a detainee, kicking a detainee, deploying a flash-bang grenade, and shooting a detainee with a bean-bag gun—are more than *de minimis* uses of force. *Smith v. Conway County*, 759 F.3d 853, 859 (8th Cir. 2014); *Edwards v. Byrd*, 750 F.3d 720, 731-32 (8th Cir. 2014). But other decisions from this court held that throwing a cup of liquid or throwing keys at an inmate were *de minimis* uses of force where the thrown object did not cause an injury. *Samuels v. Hawkins*, 157 F.3d 557, 558 (8th Cir. 1998) (per curiam); *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994). The First Circuit held that throwing a radio belt at an inmate—"a single blow caused by a thrown object and resulting only in a bloody-lip"—was "clearly" a *de minimis* use of force. *Calabria v. Dubois*, No. 93-1742, 1994 WL 209938, at *2 (1st Cir. May 24, 1994) (per curiam). A district court in Connecticut ruled that throwing a bar of soap at an inmate and thereby causing a cut lip was a *de minimis* use of force. *Baltas v. Dones*, No. 3:22-CV-38, 2022 WL 1239989, at *5, 11 (D. Conn. Apr. 27, 2022).

Although Webster was bruised by the volleyball, the act of throwing such a ball is not so inherently dangerous that every reasonable officer should have anticipated that her action was likely to cause injury. A reasonable officer could have believed that tossing a volleyball was comparable to the *de minimis* acts of throwing keys,

-4-

liquid, soap, or a radio belt, and materially different from the more violent deeds of kicking, tasing, or shooting a detainee.  We therefore conclude that Lemke is entitled to qualified immunity.

The judgment of the district court is affirmed.

_____