38 F.3d 943
 Ricky JONES, Appellee,
v.
Thomas JAMES, Business Manager; Appellant,
Joyce Rhodes, Bookkeeper; K.D. Hampton, CO-1, Mail
Supervisor, Tucker Unit, Arkansas Department of
Correction, Defendants,
Joseph D. Calhoun, III, Amicus Curiae.
 No. 93-1570.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 12, 1994.
Decided Oct. 13, 1994.
 
 David B. Eberhard, Little Rock, AR, argued (Winston Bryan and David B. Eberhard on the brief), for appellant.
 Joseph Davidson Calhoun, III, Little Rock, AR, argued, for appellee.
 Before WOLLMAN, MAGILL, and BEAM, Circuit Judges.
 BEAM, Circuit Judge.
 
 
 1
 Thomas James appeals the district court's entry of judgment as a matter of law in favor of Ricky Jones, an Arkansas inmate, in Jones's 42 U.S.C. Sec. 1983 action. We reverse.
 
 I. BACKGROUND
 
 2
 Jones alleged that officials at Tucker Maximum Security Unit (Tucker) violated his constitutional right of access to the courts by refusing to post his letters to legal organizations. The matter was tried to a jury.
 
 
 3
 At trial, Jones testified that he tried to mail letters to numerous legal organizations in an attempt to obtain counsel to assist him in post-conviction relief efforts. Prison officials returned the letters because they did not qualify as "privileged" under Arkansas Administrative Regulation 860 (AR 860).[1] "Privileged" correspondence is mailed at state expense. Since Jones had no funds in his inmate account to cover postage, he was unable to send the letters.
 
 
 4
 Acting pro se, Jones pursued post-conviction relief in three courts. He testified that he had difficulty representing himself in those proceedings. He stated that he had missed deadlines because he was unrepresented.[2] Jones's petition for habeas corpus relief was dismissed as legally frivolous. Jones stated that he thought an attorney might have taken his case if he had been allowed to mail the correspondence at state expense. He speculated that if he had been represented by an attorney, his action might not have been dismissed as legally frivolous. In sum, he stated he had been harmed by the prison's refusal to mail his letters because he had been denied his "freedom, [his] hope of getting free from the prison."
 
 
 5
 Thomas James, business manager at Tucker, testified that he determined whether mail was "privileged" within the meaning of AR 860. James testified that if Jones had placed an attorney's name on the letters going to the organizations, the prison would have posted them at state expense. James also testified that the prison pays postage on mail addressed to the American Civil Liberties Union and the Lewisburg Prison Project even when inmates do not specify a particular attorney as recipient.
 
 
 6
 The jury found in favor of the other defendants, but was unable to reach a verdict with respect to James.[3] The district court declared a mistrial on the claim against James and later granted judgment as a matter of law against James. The district court found that AR 860, although it impinges on an inmate's right of access to courts, is a valid regulation since it is reasonably related to a legitimate penological interest. Jones v. James, No. PB-C-90-534, slip op. at 3 (E.D.Ark. Feb. 1, 1993). However, the district court found that the regulation had been unconstitutionally applied to Jones because James had interpreted "inmate's attorney" to mean individuals rather than organizations. Id. at 7. The district court awarded only nominal damages since Jones had not shown any injury as a result of the prison's failure to mail his correspondence at state expense. Id. at 8-9.
 
 
 7
 On appeal, James contends the district court erred in granting judgment to Jones because the district court's express finding that Jones suffered no injury defeats Jones's denial of access to the courts claim.
 
 II. DISCUSSION
 
 8
 When reviewing a grant of judgment as a matter of law, we consider the evidence and the reasonable inferences that may be drawn from the evidence in the light most favorable to the nonmoving party. Henson v. Falls, 912 F.2d 977, 978-79 (8th Cir.1990). The judgment should be reversed if "the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn." Id. at 979.
 
 
 9
 An inmate's constitutional right of access to the courts includes a reasonable opportunity to seek and receive the assistance of attorneys. Procunier v. Martinez, 416 U.S. 396, 419, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413, 109 S.Ct. 1874, 1881-82, 104 L.Ed.2d 459 (1989) (limiting Martinez to outgoing prisoner mail); see also Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). Thus, regulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid. Martinez, 416 U.S. at 419, 94 S.Ct. at 1814; see also Foster v. Basham, 932 F.2d 732, 735 (8th Cir.1991). A systemic denial of an inmate's constitutional right of access to courts is such a fundamental deprivation that it is an injury in itself.[4] Hershberger v. Scaletta, 33 F.3d 955, 956 (8th Cir.1994). In the absence of a systemic denial, a successful denial-of-access claim requires a showing of prejudice. Berdella v. Delo, 972 F.2d 204, 210 (8th Cir.1992).
 
 
 10
 We need not decide whether the regulation at issue here unjustifiably obstructs access to courts when "inmate's attorney" in AR 860 is interpreted to include some legal organizations and to exclude others or whether the regulation, as interpreted, was unconstitutionally applied to Jones. Because Jones has not shown any concrete, palpable injury as a result of the violation, his claim of denial of access to courts fails.
 
 
 11
 Jones has not shown any causal connection between the lack of postage and the lack of representation; we have only his testimony that an attorney "might" have taken his case. Even assuming a causal connection, Jones has not shown any colorable claims that his hypothetical attorney could have pursued. Jones's vague, wishful, and speculative testimony relating to the "harm" that has befallen him simply does not amount to a showing of prejudice. We thus conclude that the district court erred in finding a violation of Jones's constitutional right of access to the courts.
 
 III. CONCLUSION
 
 12
 Accordingly, the judgment of the district court is reversed.
 
 
 
 [1]
 AR 860 provides in relevant part:
 
 
 [1]
 Privileged Correspondence
 Incoming and outgoing correspondence with the persons or organizations specified below shall be considered privileged correspondence as long as the designated individuals are acting in their official capacities and correspondence is properly marked as such.
 a. Officers of Federal, State, and local courts
 b. Any Federal or State Official
 c. Any administrator of the Department of Correction
 d. Any member of the Board of Pardons and Paroles
 e. Any member of the Board of Correction
 f. Inmate's Attorney
 g. Any member of the Commission on Community Based Rehabilitation
 h. Any member of the media, including print, radio, and television.
 
 
 [2]
 The evidence shows that one of Jones's appeals had been dismissed as untimely because it had been mailed to the wrong address. Jones conceded that he had previously mailed several other pleadings to that court's proper address
 
 
 [3]
 The verdicts in favor of the other defendants have not been appealed
 
 
 [4]
 This case does not involve a systemic denial of access. The evidence shows that some mail to legal organizations has been allowed. Accordingly, Jones must show that he has suffered prejudice