_____

No. 95-3568
_____


Shelby Harris; Clifford          *
Hutchins,                        *
                                 *
          Appellants,            *
                                 *
Brenda Williams; Mary Clark;     *
Tanya Harris; Mona Gardner;      *
Connie Harris,                   *
                                 *
          Plaintiffs,            *    Appeal from the United States
                                 *    District Court for the
     v.                          *    Western District of Missouri
                                 *
Dora Schriro; Kelly Lock;        *         [UNPUBLISHED]
Lt. Cain; Sgt. Kliethermes; John*
Sigler; C.O. Brown; Tom Brandt;  *
Brian Geoke; Engelbrecht,        *
Classification Officer; Nancy    *
Carr; Alton Clark; C.O.          *
Brownlee; Liz Hamblin,           *
                                 *
          Appellees.             *


                           _____

            Submitted:  August 16, 1996

                Filed:  August 22, 1996
                           _____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
                           _____

PER CURIAM.


     Shelby Harris and Clifford Hutchins appeal from the final order of
the District Court[1] for the Western District of Missouri, granting certain
defendants summary judgment on a due process

_____

     [1]The Honorable Scott O. Wright, United States District Judge
for the Western District of Missouri, adopting the report and
recommendations of the Honorable William A. Knox, United States
Magistrate Judge for the Western District of Missouri.

claim, and granting defendants judgment on the pleadings on other claims in this 42 U.S.C. § 1983 action.  For the reasons discussed below, we affirm.

Harris and Hutchins filed this action when they were inmates at the Central Missouri Correctional Center (CMCC).  They alleged that Harris was denied due process when he was disciplined for attempting to forward an envelope of documents to a female inmate housed in CMCC's disciplinary segregation and that institutional rules were arbitrarily enforced against Hutchins when he was given a conduct violation for wearing a shirt with a hole in it.  They also alleged they were denied adequate access to the law library and legal materials while they were in disciplinary segregation; they were not provided adequate medical care; and disciplinary-segregation inmates were subjected to unsanitary conditions when food was left uncovered.

Upon defendants' motion, the district court granted summary judgment on the claim relating to Harris's conduct violation, granted defendants judgment on the pleadings on the remaining claims, and denied plaintiffs leave to amend their complaint.

We review a grant of summary judgment de novo, applying the same standard as the district court.  Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam).  We conclude the district court properly granted defendants summary judgment on Harris's due process claim.  Harris attempted to forward the documents to the segregated inmate by handing the envelope of documents to a corrections officer, instead of utilizing mail room procedures, as required by a prison rule.  Thus, we conclude the conduct violation was supported by some evidence.  See Goff v. Dailey, 991 F.2d 1437, 1442 (8th Cir.) (due process met if any basis in fact supports actions of prison official), cert. denied, 510 U.S. 997 (1993).  We reject Harris's argument that the rule defining mail was so vague as to deny him notice his conduct was prohibited.  See Williams v. Nix, 1 F.3d 712, 716 (8th Cir. 1993) (fair notice required);

-2-

Coffman v. Trickey, 884 F.2d 1057, 1060-61 (8th Cir. 1989) (same), cert. denied, 494 U.S. 1056 (1990).  Prison officials could properly deny Harris's requested witness at his disciplinary hearing (assuming Harris properly made such a request), because the witness's testimony was immaterial to whether Harris violated the prison rule.  See Wolff v. McDonnell, 418 U.S. 539, 566 (1974); Brown v. Frey, 889 F.2d 159, 168 (8th Cir. 1989), cert. denied, 493 U.S. 1088 (1990).

We review de novo a district court's grant of a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  National Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc., 991 F.2d 426, 428 (8th Cir.), cert. denied, 510 U.S. 861 (1993).  We agree with the district court that plaintiffs failed to identify--in either their initial or amended complaints--any actual prejudice they suffered as a result of the limited access to legal materials while they were in disciplinary segregation; plaintiffs did not assert they were denied all access to a library or to counsel-substitutes.  See Jones v. James, 38 F.3d 943, 945 & n.4 (8th Cir. 1994) (absent systemic denial, prejudice showing is required).  Neither the initial nor the amended complaint names specific defendants who were responsible for any deprivations of Eighth Amendment rights or were involved with Hutchins's due process claim.

Because the amended complaint did not cure the deficiencies in the initial complaint, the district court did not abuse its discretion in denying leave to file it.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989) (standard of review).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

    CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.