# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1580EM

_____

United States of America,          *
                                   *
        Appellee,                  *
                                   *   On Appeal from the
    v.                             *   United States District Court
                                   *   for the Eastern District
                                   *   of Missouri.
John Lee Coffman,                  *
                                   *
        Appellant.                 *

_____

Submitted: June 11, 1998

Filed: July 1, 1998

_____

Before RICHARD S. ARNOLD and MORRIS SHEPPARD ARNOLD, Circuit Judges,
    and PANNER,[1] District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.


        John Coffman was charged with possession of ephedrine with the intent to
manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(1). The District
Court denied his motion to suppress evidence seized from his home. Coffman pleaded

_____

[1]The Hon. Owen M. Panner, United States District Judge for the District of
Oregon, sitting by designation.

guilty, reserving the right to challenge the District Court's evidentiary ruling. He now appeals that ruling. We affirm.

## I.

The facts of the search and seizure are undisputed. In the course of tracking a federal drug fugitive, the government learned that Coffman was an associate of the fugitive. Two deputy United States Marshals went to Coffman's residence to question him about the fugitive. Coffman invited them in. One deputy observed an empty handgun holster on a chair and asked Coffman if there were any weapons or other persons in his home. He "replied there were none and invited the deputy to look for himself." Stipulation and Plea Agreement at 10. While one deputy talked with Coffman, the other found "45,000 dosage units of ephedrine under the defendant's bed and a loaded Smith & Wesson .357 Magnum revolver under the defendant's pillow," id. (footnote omitted), which were then seized.

Coffman was indicted for possession of ephedrine with the intent to manufacture methamphetamine, in violation of 18 U.S.C. § 841(d)(1), and possession of a firearm by a person convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). He moved to suppress the drugs and gun, contending that they were unlawfully seized. On the Magistrate Judge's[2] recommendation, the District Court[3] denied the motion. Coffman then pleaded guilty to the drug-related count, reserving his right to appeal the denial of the motion to suppress. The gun-related count was dismissed. He was sentenced to 120 months of imprisonment.

---

[2]The Hon. Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri.

[3]The Hon. Jean Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

II.

We hold that the District Court's determination that Coffman had voluntarily consented to the search of his home was not clearly erroneous. See United States v. Miller, 20 F.3d 926, 930 (8th Cir.), cert. denied, 513 U.S. 886 (1994). Coffman's invitation to " 'go ahead and look around,' " Mem. of Magistrate Judge at 2, indicated consent. It was then the government's burden to demonstrate by a preponderance of the evidence that this consent was voluntary. United States v. Miller, 20 F.3d at 930. Here, neither "the characteristics of the accused" nor "the details of the environment," id., evidenced involuntariness. At the evidentiary hearing, the deputies testified that Coffman had not been "under the influence of any drugs or alcohol," and that they had not made "any threats or promises to get him to give . . . permission to search the residence." Hr'g Tr. at 15. Nor does the Fourth Amendment require the deputies to have informed Coffman of his right to withhold consent to the search. Ohio v. Robinette, 519 U.S. 33, 117 S.Ct. 417, 421 (1996).

Coffman further argues that the search exceeded the scope of his consent. However, there was no evidence that he told the deputies to limit their search to certain areas, or for people only. He said, " '[G]o ahead and look around. You won't find a thing.' " Mem. of Magistrate Judge at 2. We cannot agree that "the typical reasonable person" would have understood Coffman to be permitting only a limited search. See United States v. Martel-Martines, 988 F.2d 855, 858 (8th Cir. 1993) (citing Florida v. Jimeno, 500 U.S. 248 (1991)). It was not clear error for the Magistrate Judge to find, and the District Court to agree, that Coffman's "consent to search was broad and unlimited." Mem. of Magistrate Judge at 8.

We therefore affirm the decision of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.