# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1027

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the Northern District of Iowa. |
| David A. Wieling, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:   May 12, 1998

Filed:      August 13, 1998

_____

Before McMILLIAN, ROSS and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

ROSS, Circuit Judge.

David A. Wieling appeals from a judgment of the district court[1] entered upon a jury verdict finding him guilty of conspiracy to manufacture and manufacturing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846.  We affirm.

------

[1]The Honorable Donald E. O'Brien, Senior United States District Judge for the Northern District of Iowa.

Wieling was serving a sixty-month sentence for a drug conviction, when he escaped from a federal medical center. About a year later, federal marshals received information that Wieling was living in a farmhouse with Charles Harder and obtained a warrant to search the house for Wieling. In the early morning hours of September 7, 1996, federal and local law enforcement officers went to the farm to execute the warrant. Around 6:55 a.m., they saw Harder leaving the farm and detained him. Officers then entered the farmhouse and arrested Wieling. During a protective sweep search of the house, officers found firearms in plain view and marijuana seeds in a closet. After the sweep search, around 7:45 a.m., officers asked Harder if they could search the farmhouse, and he indicated they could. Because the officers wanted Harder's written consent and did not have a form, they went back to the office to obtain one. Before the officers returned, a deputy marshal told Harder he did not have to consent. The officers returned with the form and Harder signed it at 8:32 a.m. During the subsequent search of the farmhouse, officers found a root hormone and two scales. In addition, Joel Rupp, who leased the farmland, consented to a search of the outside area, where officers found 104 cultivated marijuana plants.

Wieling moved to suppress the evidence seized during the searches of the farmhouse. After two hearings, the district court denied the motion. Although the court found that the discovery of the marijuana seeds in a closet exceeded the scope of a permissible protective sweep search, it found that the seeds were admissible because they would have been discovered during the subsequent lawful consensual search of the house.

On appeal Wieling argues that the district court erred in denying his motion to suppress.[2]  Although not raised by the government, we question whether Wieling, "as an escaped felon, had a legitimate expectation of privacy in the [farmhouse] that was violated by the search which occurred."  United States v. Roy, 734 F.2d 108, 110 (2d. Cir. 1984).  It seems to us that "society [should] not recognize as reasonable the privacy rights of a defendant whose presence at the scene of the search was 'wrongful.'"  Id.  Certainly, Wieling's presence in the farmhouse was "wrongful, since he was an escapee."  Id. at 111 (citing 18 U.S.C. § 751 (federal escape statute); see also United States v. Hunt, 893 F.2d 1028, 1032 n.6 (9th Cir. 1990) (recognizing "possible incongruity of allowing a prisoner to reap the reward of greater constitutional protections without the prison than within"), modified on reh'g on other grounds, 925 F.2d 1181, cert. denied, 502 U.S. 832 (1991).  But see Roy, 734 F.2d at 112 ("not at all convinced that [defendant's] Fourth Amendment claims should be dismissed on the ground that, because he had escaped from prison, he had no [reasonable] expectation of privacy") (Friendly, J., concurring).

In this case, we need not decide whether Wieling had a legitimate expectation of privacy in the farmhouse.  Even if he did, Wieling's arguments concerning the consensual search are without merit.  Although Wieling and Harder testified that Harder signed the consent form about one hour after the search, the district court rejected their testimony, relying instead on the law officers' testimony that the house was searched only after Harder signed the form at 8:32 a.m.  It was the role of the

_____

[2]The government did not introduce the marijuana seeds discovered during the sweep search into evidence, but did introduce items discovered during the consensual search.

district court to resolve conflicts in the evidence and judge the credibility of the witnesses, and we defer to the court's findings.  See United States v. Thomas, 93 F.3d 479, 486 (8th Cir. 1996).  Moreover, as the district court found, there was no evidence suggesting that Harder was coerced into giving his consent.  Indeed, a deputy marshal made sure that Harder knew he did not have to consent, even though "the Fourth Amendment [did not] require the deput[y] to have informed [Harder] of his right to withhold consent to the search."  United States v. Coffman, No. 98-1580, 1998 WL 348396, at *1 (8th Cir. July 1, 1998).

Wieling also challenges the district court's finding at sentencing that he was responsible for the cultivation of 104 marijuana plants.[3]  Contrary to Wieling's argument on appeal, the court's finding was amply supported by the evidence and thus not clearly erroneous.  An officer testified at trial and at sentencing about his methods for identifying and locating the cultivated marijuana plants.  He further testified that when he pulled the cultivated plants he and another officer, who also testified at trial and sentencing, counted 104 plants and recounted 104 plants five days later at the sheriff's office.  In addition, a police department technician, who had training and experience in the identification of marijuana plants, testified at trial that before she analyzed the plants she had counted 104 plants by their root systems.

In his reply brief, Wieling alternatively argues that the district court erred in holding him accountable for the 104 plants, asserting that because he was a fugitive he

---

[3]The finding triggered a mandatory minimum sentence of 10 years under 21 U.S.C. § 841(b)(1)(B)(vii).

did not go outside often and thus did not know about the plants in the fields. We do not address Wieling's argument as it was raised for the first time in his reply brief. See PlaNet Prod., Inc. v. Shank, 119 F.3d 729, 732 (8th Cir. 1997). We note, however, that evidence at trial showed that not only did Wieling grow marijuana plants inside the farmhouse and in a cistern, but also tended to the plants after they were replanted outside and knew that there were a "hundred and some" plants in the fields.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.