# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4215

_____

| | | |
|---|---|---|
| James Vernon McLennan, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Kenneth McKee, as Sheriff and | * | Western District of Arkansas. |
| representative of Washington County | * | |
| Sheriff's Office; Richard Gordon, | * | [UNPUBLISHED] |
| Deputy, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 7, 1999

Filed: September 13, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

James Vernon McLennan, an Arkansas inmate, appeals the district court's[1] order dismissing with prejudice his 42 U.S.C. § 1983 action following an evidentiary hearing. We affirm.

In his section 1983 complaint, Mr. McLennan claimed that while he was incarcerated at the Washington County, Arkansas Jail, he was denied prompt medical attention for an impacted wisdom tooth; access to a law library; and delivery of a legal-sized envelope, while white inmates were allowed to receive similar-sized envelopes. For reversal, Mr. McLennan argues that the district court erred in (1) dismissing his case; (2) refusing to subpoena two inmate witnesses he had requested; (3) failing to notify his girlfriend, who was on the witness list, of the scheduled hearing; and (4) allowing the defense additional witnesses.

Because Mr. McLennan did not request a jury trial, we review the district court's factual findings for clear error and its conclusions of law de novo. See Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). Although we are troubled by the failure of jail staff to take Mr. McLennan to the dentist, we conclude the district court did not err in rejecting Mr. McLennan's denial-of-dental-treatment claim, as there was no evidence that Sheriff McKee or Deputy Gordon--the only defendants in this case--were made aware that Mr. McLennan's request to see a dentist were being continually deferred. See Ripson v. Alles, 21 F.3d 805, 809 (8th Cir. 1994) (in § 1983 claim, supervisor must be aware of conduct and encourage it, sanction it, or ignore it). Further, the defense presented evidence that the jail had procedures in place to attend to inmates' dental needs.

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

As to the jail's failure to have a law library, we agree with the district court that Mr. McLennan's access to the courts was constitutionally adequate because he was represented by the public defender's office, and his requests for meetings with his attorney were promptly forwarded. See Johnson-El v. Schoemehl, 878 F.2d 1043, 1052 (8th Cir. 1989) (pretrial detainees must be provided with either acceptable law libraries or adequate assistance from legally trained persons). Further, Mr. McLennan did not establish a systemic denial of his right of access to the courts, or show prejudice or actual injury. See Jones v. James, 38 F.3d 943, 945 (8th Cir. 1994).

We also find that a one-time denial of a package to Mr. McLennan did not constitute a violation of his constitutional rights, because the district court credited Deputy Gordon's testimony that he believed the envelope contained prohibited items, and Mr. McLennan eventually received the package. See United States v. Wieling, 153 F.3d 860, 862 (8th Cir. 1998) (role of district court is to judge witness credibility); Phelps v. U.S. Fed. Gov't, 15 F.3d 735, 740 (8th Cir.) (inmate's constitutional right to send and receive mail may be limited for valid penological purposes), cert. denied, 511 U.S. 1114 (1994).

Finally, we reject Mr. McLennan's arguments regarding witnesses. First, we find that the district court did not abuse its discretion in denying subpoenas for some of Mr. McLennan's inmate witnesses because the court found the witnesses' testimony would be duplicative, see Williams v. Carter, 10 F.3d 563, 566 (8th Cir. 1993) (standard of review); second, the district court told Mr. McLennan his girlfriend could testify and it was his responsibility to notify her when the hearing was scheduled; and third, Mr. McLennan failed to object at the hearing to the additional defense witnesses, and allowing them to testify was not plain error, cf. Powell v. Burns, 763 F.2d 337, 338 (8th Cir. 1985) (failure to timely object to testimony waives objection absent plain error; admitting testimony regarding new line of questioning was not plain error).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.